JOSEPH DEVINE v. JOHN T. MARTIN.

The assignment of a contract in writing, gives the assignee the legal title, under the Statute, and he may sue in his own name, although he may be a mere trustee for the benefit of the assignor ; not so, in case of an account, because not included in the Statute ; but the owner of an account, acquired by purchase or otherwise, having equitable title, can sue in his own name, on general principles, independent of particular Statute.

Where it was proved that in 1849 and down to the winter of 1850 and 1851, the defendants were partners, merchandizing in San Antonio, Texas, and that one of the defendants purchased the goods mentioned in the account sued on, in New York, in August, 1851, and the jury found for the plaintiff, a question being made on the instructions to the jury, this Court said, " It seems clear that whatever those rulings may have been, the jury could not legally have given a different verdict, from the evidence before them ; and in such cases, we have repeatedly refused to reverse the judgment, for erroneous rulings, upon the instructions.

If the defendants were not prepared for trial, they should have moved a continuance ; not having done so, they could not make their want of preparation for trial, a ground for a new trial.  (Both defendants were absent from the county seat, at the time of the trial, without expectation that the cause would be tried

that week. But the reasonableness of such expectation did not appear, from the application. Reps.)

See this case as to the manner in which it should appear that instructions were given or refused.

Appeal from Bexar. Suit by John T. Martin, assignee of Moulton, Barker & Helfer, against Daniel Devine and Joseph Devine, merchants trading under the style of Daniel Devine & Bro., on an account for goods sold and delivered. The account was dated New York, August 4, 1851. The defendants joined in their answer, denying that Joseph Devine ever was a partner in the firm of Daniel Devine & Bro.; excepting to the suit being brought by the assignee of the account, in his own name; denying all and singular, &c.

The proof was that Daniel Devine purchased the goods, August 4, 1851, in New York, on a credit of six months; that in 1852, the plaintiff " became the owner of the property, notes, " stock, accounts, effects and assets of the firm of Moulton, " Barker & Helfer, by purchase, or by arrangement with that " firm;" that the defendants were merchandizing in San Antonio in 1849, and down to the winter of 1850–51, under the style of Daniel Devine & Bro.; witness did not know whether the partnership was dissolved afterwards.

Verdict and judgment for the plaintiff. Motion for new trial, on the ground

1st. That the verdict was contrary to the law and the evidence.

2nd. That the Court mistook the law in charging the jury.

3rd. That the defendants were taken by surprise, at the trial.

In the transcript there was what purported to be a set of instructions asked by the defendants, as follows:

The defendants ask the Court to instruct the jury as follows:

1st. That the general issue and the pleadings put in issue, whether or not the defendants were partners at the time of the purchase of the goods.

2nd. The sale and delivery of the goods, and to whom, and their value.

3rd. The question of the transfer of the account, so as to enable the plaintiff to recover in his own name.

4th. And unless a transfer of the very account in controversy has been proved, to the satisfaction of the jury, they must find for the defendants.

5th. That unless the jury are convinced that the defendants were partners in the goods, they cannot find against both defendants.

6th. The plaintiffs are not entitled to interest.

(Signed by defendant's attorneys.)

Refused.

Filed, September 14th, 1854.

(Signature of the Clerk.)

Then came the following :

The plaintiff asks the Court to charge the jury,

1st. A partnership, proved to exist, is presumed to continue unless the contrary is proved.

2nd. The acts of one partner, in the partnership business, binds the entire firm.

3rd. An account can be transferred, and suit brought by the equitable owner, and the filing of a suit is notice to the defendant, that the plaintiff is owner.

(Signed by plaintiff's attorney.)

Filed, September 11th, 1854.

(Signature of the Clerk.)

In the margin was written "Instructions—refused."

There were no instructions in the transcript, given or refused, except as above.

The ground of surprise was that Joseph Devine was absent from the State, and Daniel Devine was absent from the city, at the time of the trial, without an expectation on the part of either, that the cause would be tried during that week of the Term ; that the said Daniel Devine could prove positively that the partnership had been dissolved before the purchase

of the goods, and that he bought them in his own name and for his own account, as appeared by a duplicate invoice furnished him by Moulton, Barker & Helfer, at the time of the purchase, which was made a part of the application. The above facts were supported by the affidavit of Daniel Devine. The invoice was same as the account sued on, except that the name of Daniel Devine, alone, occurred in place of Daniel Devine & Bro., and an additional item, of insurance, added to the account. There was also an affidavit by defendant's counsel, that he was not aware of the existence of the said invoice, and that the same had been discovered by him since the trial of said cause, and that his client, Joseph Devine, being absent from the State, he was unable to consult with him previous to the trial.

In opposition to the motion for a new trial, the plaintiff's attorney filed an affidavit that he presented the original bill, charged to Devine & Bro., to Daniel Devine, before he brought suit, and that he made no objection to its being charged to the partnership, or to the amount of the bill, but offered to arrange it at a percentage.

Motion overruled. Joseph Devine appealed.

It has some bearing on this case, to state that Constantine W. Buckley, at the time Judge of the Seventh Judicial District, presided at the trial; but it did not appear from anything in the transcript, (except so far as it inferentially appeared from the defendant Daniel Devine's affidavit that he had no expectation that the cause would be tried that week) that the defendants were taken by surprise by that circumstance.

*Paschal & Stribling*, for appellant. I. The first question presented is, whether, under general assignment of the notes, books and accounts of Moulton, Barker & Helfer to Martin, he could maintain an action in his own name for the recovery of an open account. We admit the assignment, in this form, to be proved. We do not intend to argue the question, but

leave it to the Court to say whether such an assignment authorized the suit in the name of J. T. Martin.

II. The Court erred in refusing the charges asked by defendant. It is difficult to perceive upon what ground the Judge withheld these instructions.

III. We now come to the main point in the case, and say that the Court erred in overruling the motion for a new trial.

The plaintiff below offered no proof which authorized a verdict of the jury against Joseph Devine, the appellaut.

It is true the testimony of J. N. Carolan was taken to show that Daniel Devine and Joseph Devine were doing business together from the year 1849 till the winter of 1850-51 ; but he did not know whether the firm was then dissolved.

This would not of itself prove that the partnership continued till August 4th, 1851, when the goods were purchased ; especially when the the testimony is that the goods were not sold to Daniel Devine & Bro., (for the witnesses refused so to answer,) but to Daniel Devine.

Again, the Judge of the Fourth Judicial District was recused on account of relationship. As no Judge had been called upon to alternate with Judge Devine, a trial was not expected. Accident brought Judge Buckley to San Antonio, when he was invited to hold Court, or to preside in those causes in which Judge Devine was interested. The parties were taken by surprise, or rather the counsel of Joseph Devine.

It must be borne in mind that there was no allegation that the goods were sold to Daniel Devine, and were received and enured to the benefit of Daniel Devine & Bro.

*Howard* and *Hewett & Newton*, for appellee. It seems to us that the only point in this case is, whether the assignee of an account can bring an action, in his own name, for its recovery? (Durst v. Swift, 11 Tex. R. 273 ; Estis v. Browning, 11 Id. 237.)

WHEELER, J.   Repeated decisions of this Court have settled

beyond a question, that the party in whom is the equitable title to a cause of action may maintain a suit thereon in his own name. It is true, the mere assignment or transfer of an account would not authorize a suit in the name of the assignee ; because the legal title cannot in that case, as in the case of a contract in writing, be transferred by assignment, Open accounts are not within the provision of the Statute, respecting the assignment of instruments in writing. (Hart. Dig. Art. 2522.) But in Merlin v. Manning, (2 Tex. R. 351,) it was held, (and in repeated decisions, since that case, the same principle has been maintained,) that the party having the equitable title to a cause of action may sue thereon in his own name, though the legal title be in another. And the reason is, that ours are Courts of equitable as well as legal jurisdiction, and, of course, have cognizance of equitable as well as legal titles, and causes. It follows, therefore, that the plaintiff, having purchased and become the equitable owner of the account sued on, might well maintain the action in his own name.

The ground mainly relied on, for a reversal of the judgment, is, that the proof does not establish that the appellant was a partner in the firm, or that the partnership between him and his co-defendant subsisted at the date of this contract. The poof, however, is express and full to the fact of the existence of the partnership up to a date shortly before the purchase. And it is a well settled rule of evidence, that a partnership or other similar relation, once proved to exist, is presumed to continue, till it is proved to have been dissolved. (1 Greenl. Ev. Sec, 42 ; 2 Stark, Ev. 590, 688.) The partnership having been shown to have existed so shortly before the purchase, it devolved on the defendants to show its dissolution, if, in truth, it had been dissolved.

It is true, it is essential, in an action *ex contractu*, against partners, that the evidence of partnership should extend to all the defendants. Yet the utmost strictness of proof is not required ; because, where they are sued as defendants, the plain-

Devine v. Martin.

tiff is not supposed to be equally cognizant of all the means whereby the fact of partnership may be proved.

The fact, if it be so, that the appellant was not known to the salesman or vendors as a member of the firm, at the time of the purchase, will not relieve him from liability as a partner, for the price of the goods. Partners are all liable for articles furnished for the benefit of the firm, though the vendor does not know of the existence of the firm, and though he supposes himself dealing with, and giving credit to an individual partner, by charging him alone in his books. (Reynolds v. Cleveland, 4 Cowen, 282.)

It is very questionable whether it appears, with sufficient certainty, by the record, what was the ruling of the Court upon instructions asked by the parties respectively, to warrant a revision of the instructions. It seems clear, that whatever those rulings may have been, the jury could not legally have given a different verdict, from the evidence before them ; and in such case we have repeatedly refused to reverse a judgment, for erroneous rulings upon instructions.

Under the oft repeated decisions of this Court, and the principles it has uniformly maintained, upon that subject, the application for a new trial was manifestly insufficient and was rightly refused. If the defendants were not prepared for trial, they should have moved a continuance. Not having done so, they could not make their want of preparation for the trial, a ground of a new trial.

We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.