## B. SMALLEY V. W. M. TAYLOR..

1. It is settled, that in this State a third party may intervene in a suit, to protect his own rights, and in doing so may assert an interest adversely to plaintiff or defendant; and it is believed to be immaterial at what stage of the case, previous to its final submission, this interest is interposed, provided the principal suit be not delayed to the prejudice of the other parties litigant.

2. A *chose in action* may be purchased while suit upon it is pending; and this court has repeatedly decided that the assignee of an open account may sue and recover judgment on it in his own name. (Devine v. Martin, 15 Texas, 30.)

3. Pending suit upon an open account, the defendant suggested that the plaintiff had been adjudicated a bankrupt, and thereupon a third party was permitted to intervene and set up an assignment to him of the indebtedness, made by the plaintiff anterior to his bankruptcy—the defendant objecting to the intervention, and excepting to its allowance and to rendition of judgment in favor of the intervenor. *Held*, that on the facts as disclosed in this record the bankruptcy of the plaintiff was not legitimately before the court; and further intimated, that although the plaintiff's assignee in bankruptcy, and possibly his creditors, could contest the alleged assignment to the intervenor, yet it was not competent for the defendant to do so.

APPEAL from Harrison.    Tried below before the Hon. J. B. Williamson.

Reference is made to the opinion for the facts.

*Poag & McKay*, for the appellant.

No brief for the appellee.

OGDEN, J.—The appellee instituted suit in the district court against the appellant for the sum of $1067 73, balance due on an account; and after filing the petition the plaintiff and defendant, by a written agreement, submitted all matters at issue to arbitration.    The arbitrators made their award and returned the same to the district court, which appears to have been satisfactory to both parties.    But before judgment was entered upon the award, and upon the suggestion by the defendant of the bankruptcy of the plaintiff, W. C. Swanson asked and obtained leave to intervene, and set up a transfer from the plaintiff to himself, made more than a year previous, of the entire subject matter in suit, and all claim and interest of the plaintiff in and to the amount due from defendant; and judgment was rendered against the defendant and in favor of Swanson for the amount of the award, from which judgment defendant appealed.

On the trial below appellant excepted to the intervention of Swanson, claimed a continuance on the ground of surprise, and excepted to the judgment being rendered in favor of said Swanson. That a third party may intervene in a suit between others to protect his own rights, has become a settled principle of practice in this State, there can be no doubt, and that in doing so he may set up an interest in the subject matter at issue adversely to the plaintiff or defendant; and it is believed to be immaterial when that interest is pleaded, so that it be done before the final submission of the cause, provided it does not delay the principal suit to the prejudice of others.    (Eccles v. Hill, 13 Texas, 67, and Burdett ⁒ Glascock, 25 Texas, sup., 45.)

We are therefore of the opinion that the court did not err in permitting Swanson to intervene. All pleas setting up or denying an interest in the subject matter in litigation, in order to entitle them to a hearing in the district court, should be in writing, and we are inclined to believe that this rule was observed in the case at bar, as we find Swanson's plea of intervention in the record. There may have been some irregularity on the trial, but we are unable to discover from the record sufficient error to authorize a reversal on that account.

That a party may purchase a *chose in action*, during the pendency of a suit in relation to the same, we think too firmly settled to be now called in question, (see Story's Equity, 252 and 255,) and that an assignee of an account may sue and have judgment in his own name, has been settled by repeated decisions of this court. (Devine v. Martin, 15 Texas, 30.) We are therefore of the opinion that the court did not err in rendering judgment in favor of Swanson, the intervenor, particularly as the original plaintiff was present and made no objection. The question of the bankruptcy of Taylor, we think, was not legitimately before the court, at least so far as the proof was concerned. The assignee in bankruptcy, or possibly the creditors of Taylor, might have contested the assignment to Swanson ; but it is not perceived from the record in what it would affect the interest of appellant, whether he paid Taylor or Swanson the amount of the award, of which he makes no complaint.

The other errors complained of in the numerous assignments of error in this cause are considered insufficient to reverse the judgment of the district court, and therefore need not be further noticed. The judgment of the district court is affirmed.

Affirmed.