MILMO NATIONAL BANK V. JOHN CONVERY ET AL.

No. 402.

1. **Equitable Assignment of Debt—Notice.**—It is not essential to the assignment of a debt or chose in action, valid in equity, that it receive the consent of the debtor, nor does it depend on notice being given him.

2. **Same—Assignment of Part of Debt.**—The essentials of an assignment of part of a debt are, that the fund, a part of which is sought to be assigned, should have an actual or potential existence, and the portion assigned should be designated; but the designation need not be so definite as to preclude any resort to extraneous evidence to fix the exact amount.

3. **Same—Fact Case—Illustration.**—C. was garnished on a judgment against F., and answered that he was due F. $400, by contract in writing, and that since the garnishment he had been notified by H. that F. had assigned to H. $100 of the debt. H. was made a party, and the evidence showed that he had been attorney for F., and had prior to the garnishment asked F. for payment of his fee, and that F. had then given him the written obligation of C., telling him to collect it and reserve his fee out of the collection. The amount of the fee was not mentioned between H. and F., but the evidence showed that $100 was due H. *Held*, that a judgment in favor of H. for $100, and in favor of the garnishment creditor for the other $300, should be affirmed.

APPEAL from Webb. Tried below before Hon. A. L. McLANE.

*J. D. Nicholson* and *Dodd & Mullaly* for appellant.—1. An assignee of a part only of an indebtedness not yet due by a third person is not entitled to priority of payment by such third person over a plaintiff in garnishment, where the writ of garnishment is served on said third person before either the plaintiff in garnishment or the said third person had any notice of such assignment.

2. Before equity will enforce the assignment of a part only of the fund, as against the garnishment by the bank, it must affirmatively appear that Fitzmaurice and Hicks had agreed upon the amount claimed to have been assigned. 3 Pom. Eq. Jur., sec. 1280.

3. An attorney at law in whose hands is placed a claim for collection against some third party, with instructions to pay himself out of the proceeds for services theretofore rendered, the amount of which had never before or after the receipt of said claim been agreed upon, is not an assignee of any certain amount of said claim, either legal or equitable, as against a garnishee whose writ was served on the debtor under the claim before any knowledge of such attorney's claim had come to the notice of either the garnishee or the garnishor. 3 Pom. Eq. Jur., sec. 1280; 1 Am. and Eng. Encyc. of Law, 839.

*E. A. Atlee*, for appellee Marshall Hicks.—1. An assignee of a part of an indebtedness not yet due by a third person is entitled to priority

over a plaintiff in garnishment, even though the writ is served on said third person before either the plaintiff in garnishment or said third person had notice of such assignment, and even though said third person did not accept said assignment.  1 Am. and Eng. Encyc. of Law, 835, note 2; Id., 836, note 2; 8 Am. and Eng. Encyc. of Law, 1180; Stillman v. Stevens, 23 S. W. Rep., 322; 2 Pom. Eq. Jur., sec. 697; Smith v. Blatchford, 52 Am. Dec., 504.

2.  Fitzmaurice and Hicks did agree upon the amount claimed to have been assigned.  The fact that Fitzmaurice did not ask Hicks the amount of his fee, does not vitiate the assignment in the absence of fraud.  Certum est quod, certum reddi potest.

JAMES, CHIEF JUSTICE.—Appellant had obtained judgment against Eliza Fitzmaurice for $601.50, and upon this judgment sued out a garnishment against John Convery, in May, 1893.   On October 8, 1893, the garnishee answered that he was indebted to Eliza Fitzmaurice in the sum of $400, with certain interest, the same being a part of $1883 contracted to be paid her, all of which had been paid except $400; the answer further stated that the garnishee had, since the suing out of garnishment, on October 6, 1893, been notified by Marshall Hicks that Eliza Fitzmaurice had assigned to him the sum of $100 of the debt which he, the garnishee, owed her, and prayed that Hicks be made a party, and that the rights of the respective parties to the money be determined.   Hicks then became a party to the suit, and claimed that $100 of the debt had been assigned to him by Eliza Fitzmaurice, on December 15, 1892.   The judgment of the District Court was in favor of appellant for the sum of $311.66, and in favor of Hicks for the sum of $100.

The indebtedness of Convery to Fitzmaurice was evidenced by writing dated November 25, 1891, whereby the former was to pay to the latter $1000 on January 1, 1893, and $500 on June 1, 1893.   It appears that Convery had paid her the $1000 on January 1, 1893, and afterwards in the same month he had paid her $100 of the remaining $500. The evidence bearing on the transaction of assignment from Fitzmaurice to Hicks was substantially this:   That the latter, an attorney at law, had been attending to the legal business of the former for a year or more previous to December, 1892, for which services he had not been paid, at which time he went to her and asked her if she could not pay his fee, and she answering that she had no money, gave him the said obligation of Convery, and told him to collect what was due and to pay himself out of the payment that was to be due on June 1, 1893, and to pay her the balance.   It is clearly shown that the precise amount of her indebtedness to Hicks for his services was not discussed between them on this or on any other occasion; what she did consisted simply in her admission that she owed him a fee, and the delivery to him of the paper, with direction to collect and pay the fee out of the last installment.   The uncontradicted evidence is that the amount due him

for the services was $100.    At that time the two installments aforesaid were unpaid, and it appears that afterwards Convery made the payments above mentioned directly to her.    It also was shown that Convery had no notice of any assignment of Hicks until October 3, 1893, and had never consented to or accepted it.

Upon this state of facts, it is claimed by appellant that the garnishment entitled the bank to the entire fund, and this is clearly so if the transaction between Hicks and Eliza Fitzmaurice is not sustainable as an equitable assignment.

It is not essential to the assignment of a chose in action, valid in equity, that it receive the consent of the debtor, nor does it depend on notice being given to him.    It is understood as creating an equitable property in the fund, in whole or in part as the case may be, and the assignee has to the extent of his interest a right of action against the debtor.

The essentials of an assignment of a part of a debt are, that the fund, a part of which is sought to be assigned, should have an actual or potential existence, and what portion is assigned should be designated.    By this latter is not meant, as we understand it, that the parties should at the time of the transaction specify the part intended to be appropriated in such definite manner as to preclude any resort to extrinsic evidence in reference to it.    Suppose, for example, a written obligation is delivered with an express assignment of so much thereof as the assignor should thereafter borrow from the assignee. We know of no principle which would render such transaction objectionable in equity as between the parties to it, nor any reason why the assignment should not take effect as advancements are made, if made before rights of other persons to the fund have intervened.    If this be so, it can not be indispensable that the portion or amount of the fund sought to be assigned should be so precisely ascertained and expressed in the assignment as is claimed by appellant.    It is enough, we take it, that the transaction should afford evidence of what part of the fund the assignment was intended to operate on, and if this is capable of being rendered certain by evidence, it may be done.

The portion of the last installment of the debt appropriated was measured by the amount of the fee she owed Hicks.    It is true, this amount had not been determined by agreement, but in the absence of an agreed sum, the amount was capable of being readily arrived at by judicial inquiry.    In such a case, what injustice is done to the assignor, or the debtor, or any subsequent creditor, in effectuating the clear intention of the parties to the transfer?    There is no reason why a different rule should be applied in these assignments than that which prevails in respect to other contracts.

We have found one case which expresses a different rule.    Hull v. Culver (Ill.), 32 N. E. Rep., 265.    But the question was not necessary to be passed on in that case, and the decision was not made to depend upon it.    The assignor did not retain the power to collect the install-

ment out of which the fee was to be paid; and the fact that she assumed to do so, is not sufficient to show that such power was in fact reserved against the positive testimony that the power to collect it had been vested solely in Hicks, who continued to hold the obligation.

The proof being that the debt amounted to $100, the court correctly sustained the transaction as one of equitable assignment to that extent, and the judgment will be affirmed.

*Affirmed.*

Delivered September 12, 1894.