## J. I. CAMPBELL ET AL. v. J. E. GRANT COMPANY ET AL.

Decided October 22, 1904.

**1.—Assignment of Debt—Surety on Contractor's Bond.**

A surety on a contractor's bond given to indemnify and protect the owner of a building to be erected against claims for materials furnished may acquire by verbal assignment from the contractor, to secure himself for materials furnished to the contractor, the superior right to such sum of money as should become due from such owner to the contractor under the building contract; and the surety may assert the right so acquired against a judgment creditor of the contractor proceeding by garnishment against such owner.

**2.—Same—Potential Existence of Debt.**

The debt to become due from the owner to the contractor had a potential if not an actual existence at the time of the execution of the written contract for the erection of the building.

**3.—Same—Notice.**

It was not essential to the assignment that notice thereof be given to the debtor, the owner of the building, or that she consented thereto.

Appeal from the County Court of Dallas. Tried below before Hon. Ed S. Lauderdale.

*R. C. Porter* and *Maroney & Simpson*, for appellants.

*F. D. Cosby*, for appellees.

TALBOT, ASSOCIATE JUSTICE.—J. E. Grant Company, appellee, had obtained a judgment in the Justice Court of Dallas County against W. H. Knott for the sum of $124.30, with interest and costs. This judgment was in full force and unpaid, except the sum of $5.65 paid thereon April 10, 1902. In an effort to collect this judgment J. E. Grant Company sued out a writ of garnishment and had the same served on Mrs. M. A. Walsh on the 11th day of April, 1902. Mrs. Walsh answered alleging, in substance, that she had employed the said Knott to build her a house, and that he had executed to her a bond, with J. I. Campbell (appellant herein) as surety, for the faithful performance of his contract and to protect and indemnify her against all claims and liens for labor performed and materials furnished in the building of said house. She further alleged that a final settlement had been had with Knott, and that she owed him on said contract the sum of $250, but that the said J. I. Campbell claimed an indebtedness against the said Knott of $312.15 for lumber and materials furnished in the construction of her said house, and that at the time the original contract was made with her and said bond executed he had a verbal contract with said W. H. Knott, by which the said Knott assigned to him whatever account remained unpaid on said building contract at the completion of said house, or so much thereof as was necessary to pay off and liquidate any indebtedness due the said Campbell by the said Knott. Other than this she owed the said Knott nothing.

36 Clv.—41

J. I. Campbell intervened in the suit, alleging that the matters set up in the answer of Mrs. Walsh were true; that when he became surety for W. H. Knott on the bond to Mrs. M. A. Walsh, as set out in her answer, it was agreed between him and the said Knott, in consideration of his becoming such surety, that Knott should and did then verbally transfer and assign to him, said Campbell, whatever sums of money said Mrs. M. A. Walsh might owe or become due said Knott, under his contract for the erection of said house to whatever extent might be necessary to pay any indebtedness due him by said Knott; that said Campbell should have the right to collect said moneys, and should have a prior lien and claim upon the same for the purposes stated. That in consideration of and upon the faith of this agreement with Knott he executed said bond and sold and delivered to him lumber, wares and merchandise to be used in the construction of said house, of the value of $838.05, which had been reduced by credits allowed to the sum of $312.15, which latter amount was due and owing him by the said Knott at the time said building was completed.

On the 21st day of May, 1902, in order that the said J. I. Campbell might receive the $250 from Mrs. Walsh, and Mrs. Walsh be protected in the payment of the same to him, Campbell, Knott and Mrs. Walsh entered into a contract whereby Campbell and Knott agreed to indemnify Mrs. Walsh against any claims asserted under the garnishment proceedings. In the garnishment suit this contract was pleaded by Mrs. Walsh, and she asked that in the event judgment was rendered against her, she have judgment for a like amount over against said Campbell. From a judgment against him in the Justice Court J. I. Campbell appealed to the County Court. A trial in the County Court, without the intervention of a jury, resulted in a judgment for appellee, the J. E. Grant Company, against J. I. Campbell and the sureties on his appeal bond, and Mrs. Walsh as garnishee, in the sum of $136.48, with interest and costs of suit, and in favor of Mrs. Walsh against J. I. Campbell and the sureties on his appeal bond, for such sum as she may be compelled to pay of said sum of money adjudged to J. E. Grant Company. Mrs. Walsh was also allowed $25 as attorney's fees for answering as garnishee, which was taxed as costs of suit. J. I. Campbell and Mrs. Walsh, being dissatisfied with the judgment of the County Court, have appealed to this court.

In the County Court the appellee urged two special exceptions to the answers of Mrs. M. A. Walsh and J. I. Campbell, which were sustained by the court. Said exceptions are as follows:

"1. Said answer and plea show on their face that said intervener, J. I. Campbell, had become the bondsman and surety of one W. H. Knott, the contractor, whose fund is garnished in this proceeding, and had guaranteed and become responsible to the garnishee herein for the payment by said Knott of all claims arising out of said contract, including the payment for material furnished by said Knott on said contract,

and could not have a lien against the property of said garnishee, nor an equitable assignment of the fund accruing to said contractor from said garnishee to secure him for material furnished said contractor in the execution of the contract above mentioned.

"2. Because said answers and plea show on their face that said pretended assignment was made before any indebtedness had accrued from the garnishee to said contractor Knott and this intervener, and no notice of said pretended assignment was given to Mrs. M. A. Walsh, this garnishee, until long after the writ of garnishment herein had been served on her."

Appellants' first and second assignments of error are predicated upon the action of the court in sustaining said special exceptions, and present the controlling question for our determination.

It is insisted in support of the court's action that "a surety on a building contractor's bond, stipulating to protect the owner from liens on the property by reason of the contract, and the work and material furnished under it, can not himself have a lien on the property for material furnished the contractor in the carrying out of his contract;" and since he can not have such lien, it would be inequitable and unjust to permit him to acquire for such purpose from such a contractor an equitable assignment of such sums of money as are or may become due such contractor for the erection of the building. It may be conceded, and it is doubtless true, that Campbell, having become surety for Knott and guaranteeing the faithful performance by him of his contract to build Mrs. Walsh's house and to protect and indemnify her against claims for labor performed and materials furnished in the construction of said house, could not acquire a lien to her detriment on her property for such materials so furnished Knott, but it does not follow that he could not acquire an equitable assignment of such sum as became due from Mrs. Walsh to Knott on the building contract. Such an assignment in no way infringed upon the rights of Mrs. Walsh or impaired or affected in any manner, to her injury, the obligations assumed by Campbell in the bond signed by him as surety, whereby he agreed to indemnify and protect her against claims for materials furnished Knott in the erection of her building.

We are aware of no good reason or principle of law that would forbid, under the circumstances of this case, the assignment alleged. It is not denied, as we understand, that a debt or chose in action, not in writing, may be verbally assigned, and that such assignment will vest the equitable title of the fund assigned in the assignee and confer upon him a right of action in equity against the debtor. Indeed, it would seem that this proposition could not be successfully disputed. Mr. Pomeroy's statement that, "when a part of a debt is assigned, the assignee acquires a right of action in equity against the debtor, and not only a lien upon the fund but a property in the fund itself," is quoted with approval by our Supreme Court in the case of Harris County v.

Campbell, 68 Texas, 27. It is held in that case that the common law rule which forbids the assignment of a part of a chose in action does not apply, for the reason that all the claimants of a fund or debt may be made parties to cases of equitable cognizance.

But it is argued that the fund or debt assigned must have an actual or potential existence, and that it appears from the answers of appellants that the debt attempted to be assigned in this instance had neither at the date the assignment is alleged to have been made. The proposition of law asserted in this contention is believed to be correct, but the insistence that the debt assigned had neither an actual nor potential existence at the time the alleged assignment was made, in our opinion is not sustained by the facts alleged. Potential, as defined by Mr. Webster, means "existing in possibility; anything that may be possible;" and potential existence, it has been said, means, "that the thing may be at some time." That the requirements of this definition, or of any legal definition of the phrase in question, are fully met by the facts alleged in appellants' answer in respect to the assignment of the fund in controversy, we have no doubt. It appears that a written contract had been entered into between the garnishee, Mrs. Walsh, and W. H. Knott, by the terms of which the said Knott agreed to furnish the labor and material and construct for Mrs. Walsh in the city of Dallas a two-story house for the sum of $2125. The work was to be commenced on the 20th day of January, 1902, and the house finished by March 15, 1902, a reasonable extension of time being allowed for delays caused by changes in the work, inclement weather, or labor strikes. The price charged by Knott for the building of said house was to be paid in different installments as the work progressed, as follows: $450 when the foundation and frame were finished; $450 when the storm-sheeting roof and rough floor were finished; $450 when the outside of the house was completed and all sash and outside doors were in, and the balance on the completion of the contract. Here we have a written contract of the parties, by which their respective undertakings and liabilities are absolutely fixed, and giving assurance with reasonable certainty that the different amounts agreed to be paid by Mrs. Walsh would accrue and a debt and fund thereby brought into actual existence subject to the assignment alleged by appellants, although the ultimate liability of Mrs. Walsh depended upon the performance of the contract by Knott. We are of the opinion that the facts alleged clearly show that the debt or fund assigned had a potential, if not an actual, existence, and that the answers were not obnoxious to appellee's demurrers.

The allegations of the answers stricken out were sufficient to show that the assignment was supported by a sufficient consideration and that the portion of the fund sought to be assigned as definitely ascertained and expressed as required under the decisions in this State. Harris County v. Campbell, 68 Texas, 27; Milmo Nat. Bank v. Con-

very, 8 Texas Civ. App., 181, 27 S. W. Rep., 828; Clark v. Gillespie, 70 Texas, 576. It was not essential to the assignment that notice thereof be given to the debtor, Mrs. Walsh, or that she consented thereto. Milmo Nat. Bank v. Convery, supra.

The contention that the answers of appellants show that the assignment to Campbell was made before the execution of the contract between Mrs. Walsh and Knott is not, in our opinion, sustained by the record. The court having stricken out appellants' answer, acted consistently with such ruling in excluding the evidence offered in support of the allegations thereof. The doctrine of subrogation invoked has no application under the facts alleged.

For the error in sustaining appellee's special exceptions to appellants' answer, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*