## ALFALFA LUMBER CO. v. CITY OF BRADY.

(Court of Civil Appeals of Texas. Austin. May 29, 1912.)

1. ASSIGNMENTS (§§ 4, 34, 94*)—VALIDITY—EFFECT—DEBT HAVING POTENTIAL EXISTENCE.

While equity will recognize a verbal assignment of a debt having only potential existence, a municipality which advanced money to a contractor for work yet to be done is not liable to one having a verbal assignment of the proceeds of such work, where the contractor took the advance and abandoned work altogether.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 6, 67–71, 162–165; Dec. Dig. §§ 4, 34, 94.*]

2. ASSIGNMENTS (§ 94*)—VIOLATION OF CONTRACTS—RIGHTS OF ASSIGNEE.

One to whom a paving contractor made an assignment of the amount due on work yet to be performed cannot complain that the city made advances on the contract contrary to its provision; the contractor having abandoned work altogether, for only a party to the contract could object to its violation.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 162–165; Dec. Dig. § 94.*]

Appeal from District Court, McCulloch County; John W. Goodwin, Judge.

Action by the Alfalfa Lumber Company against the City of Brady. From a judgment for defendant, plaintiff appeals. Affirmed.

Thurmond & Farrar, of Kansas City, Mo., and Shropshire & Brown, of Brady, for appellant. F. M. Newman, of Brady, for appellee.

### Findings of Fact.

JENKINS, J. The city of Brady entered into a contract with one A. Lewis to grade and macadamize certain streets of said city for the sum of $12,977, to be paid as follows: At intervals of 15 days, the city engineer was to estimate the completed work, and the city was to pay 75 per cent. of such estimates when made, the balance to be paid upon the completion of the work. Appellant furnished said Lewis lumber, cement, and other material used in said work, and took a written assignment from said Lewis for $626 to be paid out of the April estimates, and filed the same with the city secretary and treasurer. Said secretary and treasurer had been receiving such assignments from various parties and paying them off in the order in which they were filed. On April 26th there was not a sufficient amount due said contractor on the April estimates to pay assignments then on file, and appellant voluntarily withdrew said assignment of $626 in favor of certain laborers on said work, with a verbal agreement made with said Lewis, that he, Lewis, would give appellant an assignment covering an additional amount due him to be paid out of the May estimate. Lewis gave

such assignment in writing for $1,024.55, and the same was filed with the city secretary on April 27, 1909. On April 26, 1909, Lewis executed to the city of Brady a bond, intended to secure the performance of said contract (but which we gather from the briefs of counsel herein is uncollectible), and on said day paid Lewis the sum of $7,-000 on said contract, in addition to the amounts that had theretofore been paid him. Lewis pocketing the money, "folded his tent like the Arab, and silently stole away," forgetting to pay his debts. . Appellant brought suit against the city of Brady. Upon a trial by a jury, there was a verdict and judgment for appellee.

### Opinion.

It is the contention of appellant that it is entitled to judgment against appellee because (a) the appellee knew that Lewis was indebted to appellant; (b) the agreement of said Lewis to make a written assignment in the presence of the secretary and treasurer of the city was equivalent to an equitable verbal assignment; and (c) that appellee, by advancing Lewis $7,000 on April 26th, violated its contract, whereby Lewis was to be paid only 75 per cent. of the estimates on completed work.

[1] Appellant's propositions that a verbal assignment will be enforced in equity, and that a debt which has a potential existence may be assigned, are correct. Campbell v. Grant Co., 36 Tex. Civ. App. 641, 82 S. W. 794. While it is true that a debt having a potential existence may be the subject of an assignment, still such assignment is ineffectual in so far as the potential debtor is concerned until such potential debt becomes an actual debt. Here the agreement between appellant and Lewis was that Lewis would give appellant an assignment on the amount to become due on the May estimate. But Lewis having abandoned the work on April 26th, there was no May estimate, and nothing was due Lewis on any previous estimate. Appellant states in its brief, and correctly so, that appellee's treasurer "paid Lewis $7,000 when the city did not owe Lewis anything." As appellee was not indebted to Lewis at the time of the assignment, it could not be under any legal obligation to pay the order given by Lewis, nor to pay any verbal assignment that he might have made.

[2] Appellant insists that the city violated its contract in paying Lewis in advance for the work done. If so, no one except the parties to such contract could complain; and, as the payment was made with the consent of the other party to the contract, it cannot be said to be a violation of the contract. Appellant was not a party to said contract and cannot complain as to its violation. Appellee might, by agreement with Lewis, have canceled its contract with him, and no one could complain of such action had it done so; and, had it been indebted to Lewis at the time of such cancellation, it would have been liable to any party for whatever it was owing said Lewis, provided such party held an assignment of such debt, or a part thereof, and the city had notice of the same.

The above statement disposes of appellant's assignments of errors, both upon the charge given and the charge refused. Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.