**CRAIG et al. v. DUNLAP.  (No. 2378.)**

(Court of Civil Appeals of Texas.  Amarillo. Dec. 10, 1924.  Rehearing Denied Jan. 21, 1925.)

**1. Sales ⬅➡377—Cause of action for breach of contract to hold proceeds of wheat purchased until settlement between seller and tenant held sufficiently stated.**

Plaintiff's pleadings, alleging breach of agreement by defendant to hold proceeds of wheat purchased by him until plaintiff and his tenant made settlement and instructed defendant as to disposition thereof, *held* to state cause of action against defendant.

**2. Partnership ⬅➡162—Members of firm not relieved from liability for purchase price by seller's ignorance of fact that sale was to it.**

That seller of wheat to manager of grain company did not know at time that he was selling to company will not relieve members of firm from liability as partners for purchase price.

**3. Partnership ⬅➡125—Each partner agent for other partners and partnership.**

Each partner is agent for other partners and partnership in partnership business.

**4. Assignments ⬅➡52 — Agreement between landlord and tenant held equitable assignment of wheat and proceeds to discharge tenant's indebtedness.**

Agreement between landlord and tenant appropriating wheat, grown on premises, for payment of tenant's debt to landlord, and authorizing latter to sell crop, with understanding that purchaser should retain proceeds until they made settlement and directed disposition thereof, *held* equitable assignment of wheat and proceeds by tenant to landlord.

**5. Partnership ⬅➡141 — Manager's agreement to hold proceeds of wheat purchased until settlement between seller ·and tenant held binding on partners.**

Agreement by manager of partnership to hold proceeds of wheat, purchased by him from landowner, until latter and his tenant had settlement and directed disposition thereof, *held* within scope of his authority and binding on partners.

On Motion for Rehearing.

**6. Sales ⬅➡52(5)—Jury's findings as to contracts by landlord with tenant and purchaser of wheat as to disposition of proceeds held supported by evidence.**

Evidence *held* sufficient to support jury's findings that tenant agreed that his part of wheat should be appropriated to payment of debts due landlord, and that latter might sell it with understanding that purchaser should retain proceeds until they had settlement, and that purchaser so agreed as to disposition thereof.

Error from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by Eli Dunlap against J. W. Craig, Lawrence Johnson, and others. Judgment for plaintiff, ·and defendants Johnson and others bring error. Affirmed.

Carl Gilliland, of Hereford, for plaintiffs in error.

W. H. Russell, of Hereford, for defendant in error.

JACKSON, J.  This suit was instituted by Eli Dunlap, plaintiff below, against J. W. Craig, Lawrence Johnson, L. L. Cannon, Lee Kendall, Joe Huckert, Louis Huckert, Hubert Odell, E. Thornton, J. L. Lookingbill, B. C. Roberson, N. A. Laughlin, J. C. Lance, C. F. Walser, S. L. Walser, B. A. Atchley, J. A. Noland, Ed Stanley, and Clyde Roberson, defendants below. The case was tried in the district court of Deaf Smith county, Tex., and by agreement judgment was rendered for plaintiff against the defendant J. W. Craig, and he is not a party to this appeal.

Judgment was rendered in favor of the plaintiff against the other defendants jointly for the sum of $1,000, with interest at 6 per cent. per annum from August 1, 1921, and for costs of suit. Lawrence Johnson, one of the plaintiffs in error, perfected his separate appeal by separate petition for writ of error and separate bond. The other plaintiffs in error perfected their appeal jointly by writ of error and bond.

For convenience, we shall hereafter in this opinion call the plaintiffs in error, appellants, and the defendant in error, appellee.

Against the appellants the essential allegations of appellee's petition are: That during the years 1920 and 1921 the defendant J. W. Craig was the tenant of appellee, and also of Mrs. A. G. Monday, and incurred certain indebtedness to appellee, certain indebtedness to Mrs. Monday, and certain indebtedness to the Dunlap Hardware Company, consisting of rent, accounts, etc., itemized in the petition which appellee alleged he had acquired and of which he was the owner. That the defendant J. W. Craig raised a crop of wheat on the leased premises, and that about June 25, 1921, it was agreed between appellee and defendant J. W. Craig that the wheat grown on the rented premises should be appropriated to the payment of said indebtedness, and that a lien was created and granted by the said J. W. Craig on said wheat, to secure the payment of said indebtedness. That J. W. Craig authorized appellee to sell the entire crop of wheat with the express understanding that

─────────────────────────────

the purchaser thereof should retain the proceeds until appellee and J. W. Craig should have a settlement, and both call on such purchaser and direct him to pay the proceeds to the appellee in discharge of said indebtedness, and any balance, if any, to be paid J. W. Craig. That about July 1st thereafter, appellee sold to appellant Lawrence Johnson, at $1.05 per bushel, basis No. 1; all of said wheat, with the express agreement on the part of Lawrence Johnson that no part of the proceeds should be paid to any person until all of said wheat had been delivered, and then only on the instruction of appellee and J. W. Craig. That J. W. Craig delivered to defendant Lawrence Johnson about 2,000 bushels of wheat from said premises, but that Lawrence Johnson failed to comply with his agreement with appellee, to hold the proceeds of said wheat until plaintiff and defendant Craig made settlement, but breached said agreement and paid to the said J. W. Craig, and others, about $1,000, which constituted a part of the proceeds from the sale of said wheat, although the said Johnson knew and understood the agreement between appellee and J. W. Craig about the disposition of said wheat.

In the alternative, appellee alleges that should he be mistaken as to the sale of the wheat to Lawrence Johnson as an individual upon the terms and conditions above set out, then he alleges that said Johnson and the other appellants constituted the copartnership firm of the Summerfield Grain Company engaged in the business of buying and selling grain, and especially wheat; that Lawrence Johnson was the agent and manager, controlling and managing the business for said Summerfield Grain Company; and that appellee sold said wheat to said Summerfield Grain Company through its manager, Lawrence Johnson, for the price and on the terms and conditions appellee had alleged the sale was made to Lawrence Johnson individually; and that by and through its agent and manager, Lawrence Johnson, said Summerfield Grain Company had agreed that the proceeds from the sale of said wheat should be held until all of said wheat was delivered, and until appellee and J. W. Craig should have a settlement and direct the disposition of the proceeds of the sale of said wheat; that the wheat was delivered to said company by J. W. Craig, and said company paid to the said Craig and others about $1,000, etc., and thereby breached and violated the agreement of said company made by its agent and manager, Lawrence Johnson, with appellee.

The appellants answered by general demurrer and general denial.

The case was tried before a jury and submitted on three special issues, in response to which the jury found:

First. that it was agreed by and between the appellee and J. W. Craig that Craig's part of the wheat grown on said premises should be appropriated to the payment of the debts sued on by appellee.

Second. That J. W. Craig did authorize and instruct appellee to sell J. W. Craig's part of the wheat, with the express understanding that the purchaser should retain the proceeds thereof until appellee and Craig should have a settlement and both call on such purchaser and direct him to deliver the proceeds to appellee for the purpose of discharging the debt sued upon, and to pay any balance remaining to J. W. Craig.

Third. That the wheat was sold to Lawrence Johnson with the express condition and agreement between Johnson and appellee that no part of the proceeds from the sale of said wheat should be paid to any person until all of said wheat had been delivered to Johnson, and then only on the request and instruction of both plaintiff and J. W. Craig. The record discloses that appellee received the amount due as rents.

[1] Appellant Lawrence Johnson in his separate appeal presents several propositions, all of which attack the correctness of the ruling of the trial court, in refusing to give to the jury a peremptory instruction as requested by him, because the pleading of appellee setting up the agreement between appellee and J. W. Craig, and the agreement between appellee and appellant Johnson, did not allege a cause of action against the appellant Johnson, and for the reason that there was no evidence tending to show that said appellant Johnson knew of any agreement between appellee and J. W. Craig. Appellee's pleadings against the appellant Johnson, which we have substantially set out above, we think are sufficient to allege a cause of action against the said Johnson, and without setting out the evidence, the testimony is sufficient, in our opinion, to sustain the judgment against him.

The other appellants by proper assignments and propositions, all of which they have grouped and presented together, insist that the trial court committed error in failing to give to the jury the peremptory instruction requested by them, directing the jury to return a verdict in their favor, because the breach of the alleged contract between Lawrence Johnson and appellee constitutes no cause of action against them for the reason that the agreement, if made by the said Lawrence Johnson with appellee, to hold the proceeds of the sale of the wheat until appellee and J. W. Craig made a settlement and directed the said Lawrence Johnson as to the disposition of said proceeds, was beyond the scope of the authority of the said Johnson as agent and manager of the Summerfield Grain Company, therefore void, and not binding on the other members of the firm composing the Summerfield Grain Company.

It was agreed between the parties that J.

W. Craig was indebted to appellee in the sum for which judgment was rendered against him. It is also agreed that at and prior to the time that Lawrence Johnson purchased the wheat from appellee, he and the other appellants constituted a copartnership which had been organized for the purpose of buying and selling grain at Summerfield, Tex., under the name of Summerfield Grain Company, and that at the time the wheat was purchased for the copartnership, Lawrence Johnson had full authority from the copartnership to prosecute and conduct all business of the copartnership, and that he had such authority for more than two months prior to the time the wheat was bought. It is uncontroverted that the Summerfield Grain Company was a trading copartnership, organized for the purpose of buying and selling grain.

[2] The fact that appellee did not know, at the time of the sale of the wheat, that he was selling to the Summerfield Grain Company, will not relieve the members of the firm from liability as partners, because they are liable for the purchase price of all grain sold to the firm, although appellee did not know of the existence of the firm and supposed he was dealing with an individual. Devine v. Martin, 15 Tex. 31; Randall et al. v. Meredith et al. (Tex. Sup.) 11 S. W. 173.

[3] The partnership having been admitted, the result of such relation is that each partner is the agent for the other partners and of the partnership in the partnership business. Modern Law of Partnership, Rowley, vol. 1, par. 411; Buzard v. McAnulty, 77 Tex. 438, 14 S. W. 138.

In the case of North Texas Oil & Refining Co. v. Standard Tank Car. Co. (Tex. Civ. App.) 249 S. W. 253, the court says:

"Every agency carries with it, or includes in it, as an incident, all the powers which are necessary and proper, or usual, as means to effectuate the purposes for which it is created. Mecham, Ag. § 715; McAlpin v. Cassidy, 17 Tex. 449; Birge-Forbes v. Ry., 53 Tex. Civ. App. 55, 115 S. W. 333."

See, also, Halff v. O'Conner, 14 Tex. Civ. App. 191, 37 S. W. 238; Brown v. Jackson (Tex Civ. App.) 40 S. W. 162.

[4] Lawrence Johnson purchased the wheat from appellee. The agreement between J. W. Craig and appellee constituted an equitable assignment by Craig to appellee of his wheat and the proceeds thereof to discharge his indebtedness to appellee. Milmo National Bank v. Convery et al., 8 Tex. Civ. App. 181, 27 S. W. 828; Campbell et al. v. J. E. Grant Co. et al., 36 Tex. Civ. App. 641, 82 S. W. 794; Hess & Skinner Engineering Co. et al. v. Turney et al., 110 Tex. 148, 216 S. W. 621; Beaumont Lumber Co. v. Moore (Tex. Civ. App.) 41 S. W. 180; Neely et al. v. Grayson County National Bank, 25 Tex. Civ. App. 513, 61 S. W. 559.

267 S.W.—64

[5] This assignment gave appellee an equitable right in the wheat and its proceeds. In order to effectuate the purposes of the business, one of the essentials of which was to secure an unencumbered title to the grain purchased, and as an incident to the purchase, Lawrence Johnson had the power to agree to hold the proceeds of the wheat until it was all delivered and until appellee and J. W. Craig had settled and directed the disposition of the proceeds, and in so doing, was acting within the scope of his authority, and his agreement was binding on the partners in the Summerfield Grain Company.

Affirmed.

### On Motion for Rehearing.

The plaintiffs in error, called appellants in the original opinion, and also in this opinion (other than Lawrence Johnson), have filed their motion for rehearing in this court and present again the proposition urged in their brief as grounds to reverse the judgment of the trial court against them.

[6] These appellants earnestly insist in their motion for rehearing, as was done in their brief, that the evidence is insufficient to support the findings of the jury, and request that this court summarize the testimony supporting the making of the two alleged contracts.

It is uncontroverted that J. W. Craig was indebted to appellee in the amount of the judgment. Appellee testified that in a conversation he had with Craig near harvest time, he said to Craig he wanted something definite about a settlement before harvest begun; that they wanted Craig to agree that the wheat would be harvested and sold and the money left with the purchaser until all the wheat was delivered, and he and Craig have a settlement; that Craig said that would be perfectly satisfactory to him and would be all right; that when we get ready to thresh we will have an understanding as to whether the wheat be cut and stacked or whether it would be cut with a header, or cut and hauled to the thresher and threshed; that when we get ready to thresh that will be all right, and that is the way we will deliver it. Appellee also testified that about three weeks later, just as threshing begun, he was at the farm and told Craig as soon as he could get a sample of wheat he would go and see what he could do with it, and asked Craig where he wanted to deliver it. Craig said he preferred to deliver it at Summerfield, but what ever appellee wanted to do would be all right; that Craig told him to take a sample of the wheat and let him know where to haul it; that witness took the sample, went to Summerfield, found Lawrence Johnson was not there, and went to Hereford, found Johnson, and sold the wheat to him, with the understanding that Craig and appellee had agreed that the wheat was to be sold and the money held by the purchaser until all the wheat was

delivered, and Craig and appellee would have a settlement, and they would then settle with Johnson; and that Johnson agreed to hold the money for appellee. Mrs. Monday, the daughter of appellee, testified that she heard the conversation between appellee and Mr. Craig at the farm, and that Mr. Craig told appellee it would be all right for him to sell the wheat to Mr. Johnson or Mr. Harrison, and it was agreeable with Craig that all the money be held by the purchaser until a settlement was made between him and appellee.

These appellants, in the first, second, fourth, fifth, and sixth assignments of error in their motion for rehearing, state that this court committed error in holding that the contract between appellee and Lawrence Johnson constituted an equitable lien on the wheat and the proceeds thereof.

An examination of the original opinion will show that this court did not hold that the contract between appellee and Lawrence Johnson constituted an equitable lien on the wheat and the proceeds, but the holding is that the contract between appellee and J. W. Craig constituted an equitable assignment by J. W. Craig to appellee of the wheat and its proceeds to secure the payment of the indebtedness sued on. J. W. Craig having the right to make the equitable assignment to appellee, it became an equitable lien between J. W. Craig and appellee, therefore Lawrence Johnson, the general manager of the Summerfield Grain Company who contracted with appellee to hold the money until the settlement between Craig and appellee, was acting within the scope of his authority in making the agreement, and his principal, the Summerfield Grain Company, was bound by such agreement.

The motion is overruled.