## McMILLAN v. RUTHERFORD. (No. 3186.)

Court of Civil Appeals of Texas. Amarillo.
Feb. 13, 1929.

Kinder & McMath and C. D. Russell, all of Plainview, for appellant.

Joiner & Cook, of Plainview, for appellee.

JACKSON, J. On February 22, 1927, C. W. Sewell recovered a judgment in the district court of Hale county, Tex., in cause No. 2630, against J. N. Morrison for the sum of $1,606.77, with interest thereon from January 1, 1926, until paid, at the rate of 6 per cent. per annum.

On January 10, 1928, in the cause of A. M. McMillan v. C. W. Sewell, No. 2849 in the district court of Hale county, Tex., A. M. McMillan recovered a judgment for the sum of $832.33, with interest thereon at the rate of 10 per cent. per annum and all costs, against C. W. Sewell.

On December 13, 1927, after the institution of the suit in cause No. 2849, and before judgment was obtained therein, on a sufficient affidavit and bond, a writ of garnishment was issued against J. N. Morrison as garnishee, commanding him to appear in the district court of Hale county, Tex., on January 9, 1928, and answer what, if anything, he was indebted to C. W. Sewell.

On April 25, 1928, in response to the writ of garnishment, J. N. Morrison answered that in cause No. 2630 (C. W. Sewell v. J. N. Morrison) C. W. Sewell recovered a judgment against him for the sum of $1,606.77, with interest thereon, from which judgment an appeal was taken and the judgment affirmed by the Court of Civil Appeals (4 S.W.(2d) 1029); that in December, 1927, there was filed with the clerk of the district court of Hale county, Tex., and recorded in the minutes of said court, an instrument which purported to transfer and assign all of the interest of C. W. Sewell in said judgment to Dr. C. A. Cantrell, L. C. Penry, and Leola Rutherford. J. N. Morrison, the garnishee, prayed that said parties be cited to appear and answer what right, if any, they had in said judgment, so as to protect him from having to pay the amount evidenced thereby more than once. Under proper allegations he asked to be allowed $75 attorney's fees and costs for answering as garnishee.

C. W. Sewell answered that he no longer had any interest in the judgment in cause No. 2630, but that he had, for a valuable con-

sideration and in good faith, transferred and assigned all of said judgment to Dr. C. A. Cantrell, Judge L. C. Penry, and his daughter Leola Rutherford. L. C. Penry filed no answer, but was allowed to recover a one-third interest in the judgment, about which there is no complaint.

Mrs. Leola Rutherford, joined by her husband, J. D. Rutherford, answered that she is the daughter of C. W. Sewell; that he transferred to her a one-half interest in said judgment in cause No. 2630; that the transfer was made in good faith and for a valuable consideration in payment of just debts which were due her by her father, which debts were evidenced by notes executed by her father to her for different sums furnished at different times. She describes the notes, all of which aggregate the sum of $946, with 10 per cent. interest thereon from their respective dates.

A. M. McMillan controverted the answer of the garnishee, J. N. Morrison, alleging that the transfer of the one-half interest in the judgment in cause No. 2630, from C. W. Sewell to Mrs. Leola Rutherford, was made without a valuable consideration for the purpose of defeating McMillan in collecting his debt from C. W. Sewell.

The case was submitted to the court without the intervention of a jury and the court found that one-fourth of the judgment in cause No. 2630, $463.95, was assigned to Dr. C. A. Cantrell, and had been paid to him; that one-third of the judgment, amounting to $618.60, was assigned to L. C. Penry and had been paid to him; that there was a balance in the hands of the garnishee, J. N. Morrison, amounting to the sum of $773.25, which he had deposited with the clerk of the district court, which constituted the balance of the original judgment in cause No. 2630; that J. N. Morrison was entitled to the sum of $75 as attorney's fees, and Mrs. Rutherford was entitled to the remainder.

Judgment was rendered directing the clerk of the court to pay to J. N. Morrison's attorney the sum of $75, and to pay over to Leola Rutherford the sum of $698.25 as the part of the judgment assigned to her, and that the garnishee be discharged and go hence without day. From the judgment in favor of Mrs. Leola Rutherford, the appellee herein, A. M. McMillan, who is appellant, prosecutes this appeal.

The appellant challenges, as error, the action of the trial court in rendering judgment against him and in favor of Mrs. Rutherford, because she pleaded that the assignment was in payment of the notes held by her against her father, and she was required to prove that said notes had been paid, and, as the testimony shows that she still holds and claims the notes, no consideration was shown for the assignment to her of an interest in the judgment.

The record discloses that on December 6, 1927, C. W. Sewell, for a recited consideration of $10 and other valuable considerations, by one instrument in writing transferred and assigned to Dr. C. A. Cantrell a one-fourth interest, and to L. C. Penry a one-fourth (which should have been a one-third interest) and to Leola Rutherford a one-half interest in said judgment. In the instrument transferring the judgment, the assignees were given full authority to demand and receive the money specified in said judgment for their own use and, upon the payment of said judgment or any part thereof, to release and discharge it. The transfer recited that C. W. Sewell covenanted with the assignees that the amount due on the judgment was the sum of $1,606.77, and interest thereon from January 1, 1926, with court costs, and that he would not collect nor receive the money due on said judgment, nor any part thereof, and neither release nor discharge said judgment, and that the transfer was made without recourse on the said Sewell; that at the time said assignment was made, C. W. Sewell was indebted to his daughter, Mrs. Leola Rutherford, in the sum of $946, evidenced by notes of different dates and different amounts, executed by Sewell and payable to Mrs. Rutherford; that each of the notes were given for money earned by Mrs. Rutherford and loaned to her father at different times; that the intention of C. W. Sewell and his daughter Mrs. Rutherford, at the time the assignment was made, was to transfer to her an interest in the judgment to pay such notes as the money received by her on the judgment would discharge; that the notes had not been delivered to C. W. Sewell nor credited with any payment, because it had not been determined the amount she would receive out of the judgment; that the assignment to her had been in litigation since before the judgment in favor of Sewell against Morrison in cause No. 2630 had been made final by the judgment of the Court of Civil Appeals.

"With respect to its assignable qualities, a judgment is governed by the rules applicable to other choses in action; and may be assigned by any person and by any method competent and sufficient for the assignment of any other chose in action." 2 Freeman on Judgments, p. 2187, § 1049.

Under the common law, a chose in action could not be assigned in part. However, it is settled in Texas that, "when one has agreed, for a valuable consideration, that another shall have a part of a debt due to him from a third party, and has accordingly made a transfer of such part, justice manifestly requires that the agreement should be enforced, when it can be done without prejudice to the debtor. Accordingly, it now seems to be held by the great weight of authority that an assignment of a part of a chose in action for a valuable consideration is good in equity, and that it may be made

either by direct transfer, or by an order drawn upon the particular fund." Harris Co. v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467.

■ Appellant's contention that no consideration was shown for the assignment of an interest in the judgment to the appellee, because the notes were not marked paid or delivered to her father, C. W. Sewell, is not tenable, because an assignment may be sufficient if it is made as security for instead of the payment of a pre-existing debt. 5 C. J. 932, § 91. This, in effect, is the doctrine announced in Doty et al. v. Moore (Tex. Civ. App.) 113 S. W. 955; Campbell v. Grant Co., 36 Tex. Civ. App. 641, 82 S. W. 794, which is approved by the Supreme Court in Hess & Skinner Engineering Co. v. Turney, 110 Tex. 148, 216 S. W. 621. Under these authorities, it was not necessary to a valid assignment that the notes be marked paid and delivered to C. W. Sewell in order to constitute a consideration for the transaction.

Appellant insists, however, that inasmuch as the appellee pleaded that the transfer was in payment of just debts due by C. W. Sewell to her, which debts were evidenced by notes in various sums, and the testimony showed that the notes had not been paid and delivered, but were still retained by appellee, the allegations and proof are at such variance as to prevent a recovery by the appellee.

■ It was conceded by appellant that the assignment was valid as to Dr. C. A. Cantrell and Judge L. C. Penry. The uncontroverted testimony discloses that C. W. Sewell retained no interest in or control over the judgment and that it was his intention to transfer to appellee, and her intention to accept, an interest in the judgment as payment on the notes; that no credit had been given on the notes and none of the notes delivered because the amount to which appellee was entitled and her right to an interest in the judgment had been in litigation since before the judgment assigned was made final; that at the time the assignment was made the appellee had no knowledge that her father was indebted to the appellant in this case; the written assignment gave the assignees full authority to collect and discharge the judgment and bound C. W. Sewell not to collect or discharge the same; that the transaction constituted a valid assignment of a portion of the judgment under the facts can-

not be questioned. Empire Mortgage Co. v. Morgan Lumber Co. (Tex. Civ. App.) 292 S. W. 557; Patterson v. Citizens' National Bank (Tex. Civ. App.) 236 S. W. 130, and authorities therein cited.

■■ It is universally held that the pleading and proof must correspond to support a judgment, but the rule is equally well settled that a variance between the pleading and evidence is not fatal, unless it misleads the adverse party to his prejudice. McClelland v. Smith, 3 Tex. 210. The rule announced in this case has been consistently followed by the courts of this state. Hays & Co. v. Samuels & Sons, 55 Tex. 560; Wiebusch v. Taylor, 64 Tex. 53; Mast v. Nacogdoches County, 71 Tex. 380, 9 S. W. 267; Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288.

In Fowler Commission Co. v. Charles Land & Co., 248 S. W. 314, approved by the Supreme Court, the Commission of Appeals says: "The extent of the liability of defendant in error was the same whether sued as an individual or as a member of the partnership, and the petition was sufficient to inform him of the theory under which he was to be held liable. Although the stated facts may have been set out somewhat different, if he had been sued in his capacity as a partner, yet the cause of action would have been the same. * * * Besides, to constitute a variance the difference between pleadings and proof must be such as to mislead or surprise; and the evidence in the case clearly shows that defendant in error was neither deceived nor surprised by the alleged variance."

■ The appellant in this case, under the record, was neither deceived nor surprised by the alleged variance, nor was he prejudiced thereby, because the assignment, which was valid, transferred all of the interest of C. W. Sewell in the judgment to the assignees therein, and whether or not the interest in the judgment transferred and assigned to appellee was to pay off and discharge all of the notes held by her against her father, or pay off and discharge such of said notes as the amount she realized from her interest in the judgment would pay, did not contravene appellant's rights, because in either event, all of her interest in the judgment would be consumed and nothing left to be applied on appellant's debt.

The judgment is affirmed.