Texas Central Railroad Company et al. v. Hannay-Frerichs & Company.

No. 2197. Decided January 24, 1912.

**1.—Carriers—Delay—Damages—Interest.**

For negligent delay in transportation of cotton to market, the shipper was entitled to recover as damages legal interest on its value during the time so delayed. Dorrance & Co. v. International & G. N. R. Co., 103 Texas, 200, followed. (Pp. 609, 610.)

**2.—Same—Ownership—Presumption.**

The shipper being also consignee, with no evidence of change of ownership, the presumption would be that it continued, and he or the assignee of his claim could recover damages for negligent delay of the shipment by the carrier, without other proof of the ownership at the time of the delay. (P. 610.)

**3.—Carrier—Delay—Penalty—Statute.**

The penalty of five percent per month on the value of property for delay in its transportation by a railway, given by article 4496, Revised Statutes, is recoverable without proof of other damages. (But other damages were shown in this case.) (P. 610.)

**4.—Same—Constitutional Law—Excessive Fines.**

The penalty of five percent per month on the value of property transported by a railway, given by article 4496, Revised Statutes, for its negligent detention by the carrier, can not be pronounced so excessive as to render the statute invalid under article 1, section 13 of the Constitution of Texas. (Pp. 610, 611.)

**5.—Same—Legislative Power.**

Courts must interfere with caution with the exercise of legislative power. A wide latitude is to be allowed to the discretion of the Legislature in the imposition of penalties, and they are not to be pronounced excessive by the courts, within the meaning of the constitutional restriction, unless so manifestly violative of it as to shock the sense of mankind. State v. Laredo Ice Co., 96 Texas, 461, followed. (Pp. 610, 611.)

**6.—Same—Repeated Violations of Law.**

A penalty not excessive as applied to a single violation of law, does not become so by reason of the fact that numerous violations by defendant have accumulated fines amounting to a large sum. (P. 611.)

### 7.—Excessive Fines—Federal Constitution.

The prohibition in the Constitution of the United States against excessive fines (8th Amendment) applies only to National legislation, not to the powers of a State Legislature. (Pervear v. Commonwealth, 5 Wall., 475.)    (P. 611.)

### 8.—Carrier—Penalty for Delay—Statute—Repeal.

Article 4496, Revised Statutes, was not repealed by the Railroad Commission Law (Act of April 3, 1891, Laws, 22d Leg., p. 55; Rev. Stats., arts. 4574, 4575, 4581). There is no conflict in their provisions by which repeal by implication may be declared, and the right of recovery under other provisions of the law is saved by the latter Act. Rev. Stats., art. 4581.)    (Pp. 611, 612.)

### 9.—Carrier—Penalty for Delay—Payment of Freight.

In order to recover the penalty for delay in the transportation of freight by a railway, it is not necessary to show that the carrier's freight charges were paid or tendered before the delay occurred. Advance payment of freight is waived by the carrier receiving the goods for transportation without requiring it (Rev. Stats., art. 4494).    (P. 612.)

### 10.—Carrier—Delay—Negligence—Pleading.

The burden is upon the defendant railway to show that a delay by it in the transportation of freight was not negligent (Rev. Stats., art. 4496) and circumstances contributing to produce such delay in spite of ordinary diligence on its part were proper to be pleaded by it in excuse therefor.    (P. 613.)

### 11.—Same—Extraordinary Conditions—Notice to Shipper.

A pleading by the defendant railway showing that the existence of extraordinary conditions attending the transportation (press of business caused by moving unexpectedly heavy crops) was communicated to the shipper, was immaterial in the absence of allegation that he was also informed that these would affect the carrier's liability to transport in the usual time.    (P. 613.)

### 12.—Same.

Allegations that unusual conditions made it difficult to secure help in railroad offices were immaterial in excuse of delay in transporting freight, in the absence of a showing as to how such conditions contributed to the delay in transportation.    (P. 613.)

### 13.—Delay—Excuse—Pleading.

Pleading setting up conditions excusing delay in transportation of goods by a railway (strikes on other roads causing scarcity of cars, and unprecedented press of business) held proper to meet the presumption of negligence by the carrier raised by article 4496, Revised Statutes.    (Pp. 612-614.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hill County.

Hannay-Frerichs & Co. sued the railway company and recovered judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Collins & Cummings* and *J. A. Kibler,* for plaintiff in error Texas Central Railway Co.—As to whether there was a negligent detention within the meaning of the statute, testimony showing all the conditions and circumstances existing during the season in question which affected the movement thereof and under which the cotton in controversy was delivered to and transported by plaintiff in error were admissible to rebut the imputation of negligence imposed by the statute. Rev. Stats., art. 4496; Gulf, C. & S. F. Ry. Co. v. Levi, 76 Texas, 337; Houston

& T. C. Ry. Co. v. Smith, 63 Texas, 322; Gulf, C. & S. F. Ry. Co. v. Gatewood, 79 Texas, 89; International & G. N. Ry. Co. v. Tisdale, 74 Texas, 8; Galveston, H. & S. A. Ry. Co. v. Karrier, 109 S. W., 440-441; Casey v. Railway Co., 37 Texas Civ. App., 49; Van Zile's Bailments & Carriers, secs. 446-7; Hutchinson on Carriers, sec. 292.

The two strikes on Galveston Island, as set forth in the amended answer and trial amendment of this plaintiff in error, which are alleged to have prevented it from transporting the cotton in question with more promptness than was done, were a defense in law to that part of the cause of action urged against it for the five percent penalty denounced by article 4496, Revised Statutes, for a negligent detention of the cotton beyond the time reasonably necessary for its transportation. Gulf, C. & S. F. Ry. Co. v. Levi, 76 Texas, 337; Gulf, C. & S. F. Ry. Co. v. Gatewood, 79 Texas, 89; Stirling v. St. Louis & I. M. Ry. Co., 38 Texas Civ. App., 451; Hall v. Railway Co., 1 Fed., 226; Railway Co. v. Hagan, 25 Am. St., 422; Railway Co. v. Rainey, 89 Ind., 453; Railway Co. v. Hollowell, 65 Ind., 188; Railway Co. v. Brichetta, 72 Miss., 891; Shearman & Redfield on Neg., 155, note; Van Zile on Bailments & Carriers, sec. 477.

That during the cotton season of 1906-7 the cotton crop in Texas and in the territories along defendant's line was of unusual and unprecedented volume, etc., and all of the matters and things set forth in that part of the fourth amended original answer of the Texas Central Railroad Company, to which the second special exception was addressed, were properly pleaded and constituted in law and were a valid defense to plaintiff's cause of action. Houston & T. C. Ry. Co. v. Smith, 63 Texas, 322; Van Zile on Bailments & Carriers, secs. 446-7; Hutchinson on Carriers (2d ed.), sec. 292; Casey v. Railway Co., 37 Texas Civ. App., 49.

The penalty denounced by article 4496 of the Revised Statutes amounts to, and is, cruel and unusual punishment within the meaning of the Constitution of the United States, and the same is by its terms and in effect arbitrary, confiscatory, and amounts to the taking of property without due process of law. Art. 1, sec. 13, Constitution of Texas; art. 16, sec. 11, Constitution of Texas,; art. 1, sec. 19, Constitution of Texas; sec. 1, 14th Amendment, Constitution United States; Railway Co. v. Kay, 85 Texas, 558.

Article 4496 has been in all things repealed and was so repealed prior to the shipments in controversy. Articles 4574, 4575 and 4591, Rev. Stats. of Texas; Gulf, C. & S. F. Ry. Co. v. Salt Co., 63 S. W. Rep., 1027.

*Baker, Botts, Parker & Garwood,* for plaintiff in error Houston & T. C. Ry. Co.

*King & Morris* and *Baker & Baker,* for plaintiff in error International & G. N. Ry. Co.

*Terry, Cavin & Mills, R. E. Spell* and *Chas. K. Lee,* for plaintiff in error Gulf, C. & S. F. Ry. Co.—The petition does not show any right to recover the item of six percent interest per annum, and that item

is subject to general demurrer.  Fowler v. Davenport, 21 Texas, 626;
Wolfe v. Lacy, 30 Texas, 350; Texas & P. v. Martin, 2 App. C. C.,
343; Texas & P. v. Davis, 2 App. C. C., sec. 196; Missouri Pac. v.
Banner, 2 App. C. C., 581; Aiken v. Jefferson, 65 Texas, 141; Timmon
v. San Patricio Co., 58 Texas, 263; Murchison v. Payne, 37 Texas, 305;
Fort Worth & D. C. v. Greathouse, 82 Texas, 111; Turner v. Miller,
42 Texas, 418; Houston & T. C. v. Jackson, 62 Texas, 212.

The petition does not show that the plaintiffs were the owners of the
cotton when it arrived in Houston or Galveston, or that they were out
of the use of their money while it was in transit.  The petition, there-
fore, fails to show that they sustained any actual damage whatsoever,
by reason of the delay, if any, and, therefore, neither the six percent
per annum nor the five percent per month penalty are recoverable.  Rev.
Stats., arts. 4494-4496; Dorrance v. Railroad, 103 Texas, 200; Houston,
E. & W. T. v. Campbell, 91 Texas, 551; Schloss v. Railway, 85 Texas,
601; Murray v. Gulf, C. & S. F., 63 Texas, 413; Gulf, C. & S. F. v.
Dwyer, 84 Texas, 199; 2 Hutchinson on Carriers, sec. 574; Elliott on
Railroads, sec. 715; Sutherland on Statutory Const., sec. 208; Bemal-
leck v. People, 31 Mich., 201.

Article 4496 only provides a penalty of five percent per month for
negligent detention of goods tendered for transportation "in addition"
to "all damages which shall be sustained" by reason of the refusal of
the corporation or their agents to take and transport any passenger or
property.  The petition in this case does not show that plaintiff sus-
tained any actual damage or any damage of any character by reason
of the negligent delay, if any, of the shipments of cotton handled by
these appellants, and, not disclosing any actual damage sustained, the
statute did not apply, because there was no damage for a penalty to be
"IN ADDITION TO."  Rev. Stats., arts. 4574-4575-4581; Gulf, C. &
S. F. v. Salt Co., 63 S. W., 1025.

Article 4496 of the Revised Statutes of the State of Texas was re-
pealed by the provisions of the Railroad Commission Act, passed in
1891, particularly by articles 4574, 4575 and 4581 thereof, treating of
the same subject matter, and both expressly and in effect repealing all
laws or parts of laws in conflict therewith.  State v. Texas & N. O. R.
Co., 103 S. W., 653; Louisville & N. v. Commonwealth (Ky.), 33 L.
R. A., 209; Matthews v. Murphy, 54 L. R. A., 415; Czarra v. Board of
Medical Examiners, 33 Wash. Law Reporter, 470; United States v.
Reese, 92 U. S., 214-220; State v. Gaster, 44 La. Ann., 636; Ex parte
Jackson, 45 Ark., 158; Augustine v. State, 41 Texas Civ. App., 59;
Jones v. State, 100 Ala., 32; State v. Partlow, 91 N. C., 550; State
v. Mann, 2 Or., 238.

If the Railroad Commission Law of this State does not, by its terms
or in effect, repeal article 4496, Revised Statutes, and if both are still
in full force and effect, then the two Acts, both being in force, taken
together, are unconstitutional and void, because they assess double
penalties for the same offense, and if both penalties are still denounced
by the statute, the statute certainly imposes excessive fines and cruel
and unusual punishment within the meaning of the Constitution of the
State of Texas and of the United States.  San Antonio & A. P. Ry.
Co. v. Burns, 99 Texas, 133; sec. 35, art. 3, Texas Constitution;

Gunter v. Texas Land & Mortgage Co., 82 Texas, 501; Adams & Wicks v. Water Co., 86 Texas, 485; Webster v. Hooting (Neb.), 81 N. W., 512; State v. Tibbett (Neb.), 71 N. W., 993; Giddings v. San Antonio Ry. Co., 47 Texas, 552; San Antonio v. Gould, 34 Texas, 49; Peck v. San Antonio, 51 Texas, 492; Gulf, C. & S. F. Ry. Co. v. Stokes, 91 S. W., 328; St. Louis S. W. Ry. Co. v. Gentry, 95 S. W., 74; Hawkins v. Am. Copper Extr. Co. (N. J.), 54 Atl., 524; State v. Clark, 86 Pac., 1087; State v. Cum. & Pac. Ry., 66 Atl., 460; Cook Co. v. Fairbanks, 78 N. E., 458; Philadelphia v. Ridge Ave. Ry., 21 Atl., 982; Com. v. Moorehead, 7 Pa. Co. Ct. R., 513; Com. v. Moor, 16 Pa. Co. Ct. R., 481; Com. v. Hartzell, 17 Pa. Co. Ct. R., 91.

The Act of the State of Texas, providing five percent special damages where shipments are delayed in transit, is contrary to article 8 of the amendments to the Constitution of the United States, forbidding the imposition of excessive fines and cruel and unusual punishments, because the said statute allows the shipper in addition to the actual damages in the nature of interest, at the rate of five percent per month, or sixty percent per year, or ten times the highest legal rate of interest and five times the highest rate of interest permitted by law, and said amount of damages allowed and penalty imposed is grossly excessive fine, and comes within the said article 8 of the amendments to the Constitution of the United States, and is void.   State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153.

Article 4496 singles out one particular class of carriers, to wit, railroad companies, and arbitrarily and without any just reason, subjects them to a very great and extraordinary penalty, one not visited on any other class of common carrier.   Gulf, C. & S. F. v. Ellis, 165 U. S., 667; San Antonio & A. P. v. Wilson, 19 S. W., 910.

Giving article 4496 its most favorable construction in favor of the plaintiffs, to wit, that a penalty of five percent per month can be enforced against a railroad company, acting as a common carrier, when it has negligently delayed shipments without any wilful or intentional wrongful conduct on its part, then in any event there arises a question of fact to be determined by a jury as to whether there was a negligent delay.   Gulf, C. & S. F. v. Levi, 76 Texas, 337; Houston & T. C. v. Smith, 63 Texas, 322; Galveston, H. & S. A. v. Carrer, 109 S. W., 440; Stirling v. St. Louis & I. M. Ry. Co., 38 Texas Civ. App., 451; Hall v. Railway Co., 1 Fed., 226; Gulf, C. & S. F. v. Gatewood, 79 Texas, 89; Casey v. Railway Co., 37 Texas Civ. App., 49, 83 S. W., 20; Hutchinson on Carriers, sec. 292.

*Morrow & Morrow,* for defendants in error (Morrow & Smithdeal on brief on appeal).—It being peculiarly within the power and discretion of the Legislature to determine the character of punishment to be imposed upon a corporation for violation of the laws, the Legislature of Texas was within its constitutional rights in providing that the shipper or owner of property might recover damages from the carrier for negligent delays.   Houston & T. C. Ry. Co. v. Harry, 63 Texas, 258; State v. Laredo Ice Co., 96 Texas, 467; Waters-Pierce Oil Co. v. State, 48 Texas Civ. App., 162; Waters-Pierce Oil Co. v. State, decided by the Supreme Court of the U. S., Jan. 18, 1909.

The Railroad Commission Act providing that "this law shall not

have the effect to release or waive any right of action by the State or any person for any right, penalty or forfeiture which may have arisen, or may hereafter arise under any law of this State," did not repeal art. 4496 of the Revised Statutes. Rev. Stats., art. 4581; Railway Co. v. Kay, 85 Texas, 558; Railway Co. v. Davis, 91 Texas, 505.

Article 4496 providing in unambiguous terms that in case of the transportation of property special damage may be recovered at the rate of five percent per month for the negligent detention thereof, the court did not err in overruling appellant's special exception No. 10. Western U. Tel. Co. v. James, U. S., 40 L. Ed., 1105; Railroad Co. v. Commonwealth, 46 S. W., 679; Railway Co. v. Commonwealth, 55 S. W., 880; Railway Co. v. Harry, 63 Texas, 267; 2 Elliott on Railroads, secs. 715, 716; Newton v. Railway Co., 12 Atl., 644; Railway Co. v. State, 100 Texas, 420; Railway Co. v. State, 101 Texas, 333; Railway Co. v. State, 103 S. W., 449; Shelby I. & F. Co. v. Railway Co., 60 S. E., 721; Davis v. Railway Co., 60 S. E., 722; Jenkins v. Southern Ry. Co., 59 S. E., 663; Rollins v. Railway Co., 59 S. E., 671; Coldwell v. North Carolina, 59 S. E., 673; Wall Husk Co. v. Railway Co., 61 S. E., 277.

It being the statutory duty of the Texas Central Railroad Company to furnish equipment to handle the freight which might be tendered to it, it can not excuse itself from the performance of such duty by an allegation that its connecting lines had failed and refused to return its cars. Railway Co. v. Barron, 94 S. W., 176; Hutchinson on Carriers, sec. 292; Railway Co. v. Blum, 10 L. R. A. (N. S.), 434; Railway Co. v. Felker, 40 Texas Civ. App., 604; Railway Co. v. McQuorquadale, 71 Texas, 47.

It appearing from the appellant's pleadings that it accepted the cotton in controversy for shipment with full knowledge of all the conditions, and that it issued its bill of lading therefor without incorporating in said bill of lading any agreement upon the part of the shipper in respect to delays, the matters and things set up in said answer, even if properly pleaded, would constitute no defense. Grain Co. v. Railway Co., 89 S. W., 909; Railway Co. v. Anderson, 3 Texas Civ. App., 8; Railway Co. v. Kolp, 88 S. W., 417; W. U. Tel. Co. v. Bridge-Forbes Co., 29 Texas Civ. App., 526; Railway Co. v. Blum, 40 So., 750; Railway Co. v. Felker, 40 Texas Civ. App., 604.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The defendants in error, hereafter designated as "the company," sued the Texas Central Railroad Company for damages to cotton delivered to it for transportation, and that railroad company interpleaded the International & Great Northern Railroad Company, the Houston & Texas Central Railroad Company and the Gulf, Colorado & Santa Fe Railroad Company. The plaintiff filed an amended petition seeking to recover against each and all of the railroads damages arising out of the shipment of a large number of bales of cotton. It was alleged that the cotton was delivered to the Texas Central Railroad Company at Hico, Leon and Gorman stations on its railroad to the number of 8305 bales, each bale being of the value of $65.00. The cotton was delivered to and received by the said company for transportation to

Houston and Galveston.   All of said cotton was delivered to said railroad by Knoop-Frerichs & Company who assigned their claim to defendants in error.   The Texas Central Railroad Company delivered the cotton to its codefendants for transportation to destination.   There was much delay in the transportation of the cotton for which damages were claimed and it was alleged that the delivery of the cotton at destination was negligently delayed for which a penalty was claimed under article 4496, Revised Statutes.   The allegations of the plaintiff's petition set up the transactions in detail, but much of it is unnecessary to the decision of the question presented here—that found necessary will be quoted.

The Texas Central Railroad Company pleaded in proper manner, first, that at the time the several deliveries of cotton were made to it there was a strike of the employees of the different railroads which were engaged in handling cotton at Galveston, which strike prevented the unloading of cars for a great time and thereby prevented the return of the cars for use in carrying other cotton to that place and by such strike defendant was prevented from transporting the cotton with the usual dispatch.   It was alleged that when the cotton was delivered for transportation the shippers were informed of the blockade of transportation by reason of the strike and other causes and delivered the cotton with the understanding and agreement that the transportation of it might be delayed by such conditions.   The answer was full and sufficient to present the issues.   The plaintiff filed a general demurrer and special exceptions to the answer which were sustained.   The Texas Central Railroad Company pleaded that in the years 1906 and 1907 the yield of cotton in the territory through which its road was operated was unprecedented in quantity, that such yield could not be anticipated and that it was impossible for it to furnish sufficient cars to carry the said cotton, from which cause the delay occurred.   That its line of road was inland and it was dependent upon its codefendants and other lines of road which reached Houston and Galveston to return its cars when delivered to them and to furnish other cars which the said railroad failed to do, whereby the delay was without fault on its part.   A general demurrer and special exceptions were sustained to the answer.   It if shall appear that other facts are necessary to understand any question of law involved, we will state such additional facts.   Each of the railroad companies filed general demurrers to the amended petition and answers presenting the same issues.   Upon trial before a jury judgment was rendered against the defendants.

The first assignment of error reads: "The Honorable Court of Civil Appeals erred in overruling the first assignment of this plaintiff in error in said court, complaining of the action of the trial court in overruling the general demurrer of this plaintiff in error to the plaintiff's petition."

Under this assignment are nineteen propositions, which really present but three issues of law.   (1) That the six percent interest on the value of the property delayed can not be recovered.   This court has held that in such case the legal rate of interest may be recovered.   Dorrance & Co. v. International & G. N. Ry. Co., 103 Texas, 200.   In that

case the party had borrowed money because of the delay. In this case the consignor presumably was, by the delay, prevented from converting the cotton into money and lost the use of the amount invested in it. The same principle underlies both cases. If money had been shipped and delayed the measure of damage would have been six percent, lawful interest, for the time of delay. That would compensate for the loss. Here the money was in the cotton, and the injury the same.

It is claimed the petition does not show that the cotton belonged to plaintiffs at the time of the delay. Knoop-Frerichs & Company were the consignors and also the consignees, there being no evidence of change, and the presumption would be that the ownership continued. The petition alleged an assignment to plaintiffs of the claim by the original consignors, which vested in plaintiffs the rights of the shippers.

It is insisted that the language of article 4496 implies that other damages had accrued and that the five percent was to be given only "in addition" to other damages. We do not agree to that construction, but, if correct, other damages did accrue by reason of the delay; that is, the deprivation of the use of the money invested. The language was used to show that the five percent was not intended to exclude other damages for delay.

Again, the plaintiffs in error urge upon this court the proposition that the "special damage," provided for by article 4496, is a penalty and is so excessive as to violate section 13 of article 1 of our State Constitution, which reads:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law."

The validity of an Act of the Legislature is at all times to be dealt with by this court with caution that the legislative power be not improperly interfered with. It is a correct rule of construction that a law regularly enacted by the legislative department shall be sustained, unless its invalidity is manifest. In State v. Laredo Ice Co., 96 Texas, 461, a similar question was before this court and it was said: "It is also contended by appellee that the Act of 1899 is unconstitutional and void, because it imposes upon persons who may violate its provisions excessive and unreasonable penalties, in violation of section 13, article 1, of the Constitution, which provides that, 'excessive bail shall not be required nor excessive fines imposed nor cruel or unusual punishment inflicted.' Prescribing fines and other punishments which may be imposed upon violators of the law is a matter peculiarly within the power and discretion of the Legislature, and courts have no right to control or restrain that discretion except in extraordinary cases where it becomes so manifestly violative of the constitutional inhibition as to shock the sense of mankind. 13 Am. and Eng. Enc. of Law, 60; Southern Express Co. v. Walker, 92 Va., 66. In the case cited the court said: 'The imposition and regulations of fines belong to the Legislature, and to its discretion and judgment the widest latitude must be conceded. Fines are to be fixed with reference to the object they are designed to accomplish. . . . What is to be the legislative guide, in performance of its duty, but its sound judgment and the

wisdom of experience? And how can courts, with reason and propriety, question the action of the Legislature or control or restrain its discretion except where the minimum penalty is so plainly disproportioned to the offense or act for the violation of which it is affixed as to shock the sense of mankind.' There is a wide range for the discretion of the jury between the minimum and the maximum penalties fixed by this Act, and we are not able to say that the minimum penalty inflicted upon an individual would be so excessive as to 'shock the sense of mankind.' "

The language copied is quite as appropriate in this case as in that. The regulation and control of public utilities is peculiarly within the power of the Legislature, and this court will not interfere with the exercise of that authority, except in case of manifest violation of the Constitution.

If one bale of cotton had been delayed one month the penalty of five percent on its value, $65.00, would be $3.25, which would not be excessive. But when more than 8000 bales, of the value of $605,000.00, have been so delayed, the penalty would be $30,250.00, a large sum. The magnitude of the damages or penalty is, not in the law, but arises from the number of violations. We do not believe that a law can be rendered invalid by frequent violations of its mandates whereby accumulated fines would amount to a large sum. The article of the statute is not in conflict with the Constitution of this State. The provision of the Constitution of the United States does not apply to such legislation by the States. Pervear v. Commonwealth, 5 Wall., 475. That court said: "The third proposition of the plea is that fines and penalties imposed and inflicted by the State law for offenses charged in the indictment are excessive, cruel and unusual.

"Of this proposition it is enough to say that the article of the Constitution relied upon in support of it does not apply to State but to national legislation."

Under the first assignment of error plaintiffs in error present this proposition: "Article 4496 of the Revised Statutes of the State of Texas was repealed by the provisions of the Railroad Commission Act, passed in 1891, particularly by articles 4574, 4575 and 4581 thereof, treating of the same subject matter, and both expressly and in effect repealing all laws or parts of laws in conflict therewith."

The articles of the statutes named in the proposition are parts of the Railroad Commission law. The first paragraph of article 4574 is in this language: "If any railroad subject hereto, directly or indirectly, or by any special rate, rebate, drawback or other device, shall charge, demand, collect or receive from any person, firm or corporation a greater or less compensation for any service rendered or to be rendered by it than it charges, demands, collects or receives from any other person, firm or corporation for doing a like and contemporaneous service, such railroad shall be deemed guilty of unjust discrimination, which is hereby prohibited."

This clearly defines the purpose of the article to be to define unjust discrimination. Subdivisions 1, 2 and 3 state the particular acts which constitute unjust discrimination, and subdivision 4 declares the punishment for a violation of the law, and subdivision 5 enumerates the ex-

ceptions.   There is no conflict between this article and article 4496, therefore, repeal by implication can not be declared by the courts.   Article 4575 gives a right to recover a penalty and damages for violation of that law; but the penalty is in a named sum of not less than one hundred and twenty-five dollars nor more than five hundred dollars. There is nothing in this article which is in conflict with article 4496 and there is no repeal.   Article 4581 saves the rights of parties to recover under other provisions of the law, showing there was no intention to repeal the article on which this action is based.

Plaintiffs in error contend that the penalty can not be recovered because there was no proof that the freight charges were paid.   Article 4494, Revised Statutes, contains this language:

"Every such corporation shall start and run their cars for the transportation of passengers and property at regular times, to be fixed by public notice, and shall furnish sufficient accommodations for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and the junction of other railroads, and at sidings and stopping places established for receiving and discharging way passengers and freights, and shall take, transport and discharge such passengers and property at, from and to such places on the due payment of the tolls, freight or fare legally authorized therefor."

The railroad company might have refused to receive the cotton or to transport it except upon prepayment of freight, but when it received the freight there was a waiver of prepayment.

We do not think it necessary to discuss the assignment which asserts that the court erred in overruling their general demurrer to plaintiff's petition.   We are of opinion that the allegations, if true, showed a cause of action.

Assignments from twelve to twenty-five, inclusive, assert that the trial court erred in sustaining plaintiff's special demurrers to defendant's special answers.   We copy from the answer as follows:

"For further and separate answer herein, this defendant shows that if there were any delays in the movement of the plaintiffs' cotton over the line of this defendant, or if there was any delays of the said cotton at all while in transit which were in any way directly or indirectly traceable to any acts of this defendant, which is not admitted, but expressly denied, the defendant says that such delays were not the result of any fault or negligence of this defendant, but were the result of unusual, unprecedented and extraordinary conditions arising and coming up either shortly prior to the time the plaintiffs' cotton was tendered for shipment and was in transit, or during such time and continuing during the entire time said shipments were in transit, or were the result of the effects of such extraordinary and unusual and unprecedented conditions so continuing during the entire time that the plaintiffs' said shipments were in transit.   Defendant shows that said conditions were entirely unexpected by this defendant and the other railroads in the State of Texas (said conditions affecting practically every railroad in the State, and the effect thereof in most instances being common to all), and in the exercise of reasonable diligence could not be anticipated, and even if they could have been anticipated, or their

probable occurrence known, they could not have been anticipated or known sufficiently far in advance of their occurrences for this defendant and the railroads of the State generally to have provided against the effects of such occurrences and such extraordinary conditions in the exercise of the diligence required of it by law."

The pleader then proceeds to state in separate paragraphs the particular conditions and circumstances which prevented the prompt transportation and delivery of the cotton. The defendants in error filed special exceptions to the answers which were sustained, which action is assigned as error. We will summarize the answers which are too lengthy to be copied. The action was to recover actual damages and the special damages (penalty) for negligent delay in the shipment of cotton. Article 4496, Revised Statutes, placed the burden on the defendant to show that the delay was not negligent. Whatever circumstances contributed to produce the delay in spite of ordinary diligence on the part of the carrier and to which circumstances the carrier did not contribute was admissible to disprove negligence.

It is said in the application that the shippers were notified by the railroad company of the conditions which prevented shipments in the usual time. If the allegation be true as stated in the answer the fact would not bar the plaintiff's recovery of actual or special damages. A knowledge of the existence of the facts alleged would not be sufficient to charge the shipper with notice of their effect upon the railroad company receiving the freight. Missouri, K. & T. Ry. Co. v. Stark Grain Co., 103 Texas, 542. Notice or knowledge of the existence of the alleged conditions would not relieve the carrier of its liability for a breach of its contract for carriage unless its inability to comply with the law by reason of such conditions was made known to the shipper before delivery of the cotton.

The answers in a number of paragraphs proceed to set out the facts and circumstances relied upon as follows:

It was alleged that there was great prosperity in the United States in the fall of the year 1906, and its trade conditions demanded a much larger number of cars and other equipments than had been required at any previous time. This does not show in what way the ability of the defendants to carry the freight as usual was affected by such conditions, and was immaterial to the issues in this case. The demurrer was properly sustained to that portion of the answers.

Under assignment 19 in the application complaint is made of the ruling of the Court of Civil Appeals in sustaining the action of the District Court which sustained exceptions to a paragraph of the answers which alleged that owing to the unusual conditions it was difficult to secure help in the railroad offices. The exception was properly sustained. It does not appear in what manner the scarcity of help in the offices contributed to the delay in transportation.

We do not deem it necessary to discuss in detail the different conditions and facts alleged in the special answers. We have indicated those parts that in our opinion were properly eliminated because too remote to be accorded any weight as evidence and as to the remaining paragraphs we conclude that the facts alleged in each tended to show conditions which may unavoidably have contributed to the delays in

transportation of the cotton involved in this suit.   Article 4496 implies a presumption that a delay in transportation was negligent and casts upon the carrier the burden of refuting the presumption, and we are of opinion that the facts, circumstances and conditions alleged, if true, tended to overthrow the law of presumption.   The exceptions should not have been sustained to those paragraphs of the answer.

It is ordered that the judgment rendered in this case for actual damages be and the same is affirmed and that in so far as the judgments award special damages that judgment is reversed and as to that issue the cause is remanded.   It is ordered that the plaintiffs in error recover the costs of this court and of the Court of Civil Appeals.

*Affirmed in part and in part reversed and remanded.*