## J. C. WHALEY LUMBER CO. v. CITIZENS' NAT. BANK OF LUBBOCK.

### No. 3970.

Court of Civil Appeals of Texas. Amarillo.
Feb. 22, 1933.

G. G. Hazel, of Sudan, for appellant.
Bean & Klett, of Lubbock, for appellee.

JACKSON, Justice.

On April 16, 1932, the J. C. Whaley Lumber Company instituted suit in the county court of Lubbock county against D. C. Beebe on an open account for the sum of $296.26,

and on May 26th had a writ of garnishment issued and served against R. Q. Stubbs to impound $205 alleged to be due by Stubbs to D. C. Beebe for the purchase price of certain cane seed.

R. Q. Stubbs, the garnishee, filed a motion to quash the garnishment, and pleaded that, prior to the time the writ of garnishment was served upon him, he had purchased from D. C. Beebe 41,000 pounds of cane seed, agreeing to pay therefor the sum of 50 cents per 100·pounds, or $205; that he had been informed prior to the time of the service of the writ that D. C. Beebe had assigned to the Citizens' National Bank of Lubbock the amount he was due Beebe for the cane seed, and that Beebe had advised such bank to collect the $205 from the garnishee;.that he had retained the money for the cane seed, which he tendered into court, and asked that it be determined to whom said money should be paid, and asked for $25 as a reasonable fee for the services of his attorney.

The Citizens' National Bank, with permission of the court, intervened and alleged that D. C. Beebe was indebted to it in the sum of $230, which amount was a balance on a promissory note executed by D. C. Beebe to it; that default had been made in the payment thereof; that it had a mortgage on the cane seed that was sold by D. C. Beebe to R. Q. Stubbs, who had notice of the mortgage lien. The bank did not seek to foreclose its mortgage, but alleged that it was agreed by D. C. Beebe, R. Q. Stubbs, and the bank that, after the seed was threshed and weighed, the proceeds thereof should be paid to said bank; that such agreement was made prior to May 26, 1932, the date that the J. C. Whaley Lumber Company secured and had served upon R. Q. Stubbs the writ of garnishment.

The cases were consolidated, and, D. C. Beebe having defaulted, all matters of fact as well as of law were submitted to the court, and judgment rendered in behalf of the J. C. Whaley Lumber Company against D. C. Beebe for the sum of $269.26, with interest thereon, and against D. C. Beebe in favor of the Citizens' National Bank for the sum of $232.73, with interest thereon. The court found that the proceeds of the seed were $205, and that such proceeds had been assigned to the Citizens' National Bank before the service of the writ of garnishment, and decreed that the bank recover said sum from the garnishee, from which judgment the J. C. Whaley Lumber Company prosecutes this appeal, assigning numerous errors in the action of the trial court.

■ Without considering the various assignments urged, we deem it sufficient for a disposition of this appeal to say that, in our view, the evidence is sufficient to support the finding of the court that the proceeds of the cane seed sold by D. C. Beebe to R. Q. Stubbs had been assigned to the appellee bank before the issuance and service of the writ of garnishment.

"An equitable assignment may be either in writing or by parol, and since equity disregards mere form, no particular words or kind of instrument is necessary to effect the assignment; any language, however informal, that shows an intention to transfer the chose, so that it will be the property of the transferee, will act as an equitable assignment." 5 Tex. Jur. p. 23.

See, also, Brown et al. v. Fore et al. (Tex. Com. App.) 12 S.W.(2d) 114, 115, 63 A. L. R. 435; Craig et al. v. Dunlap (Tex. Civ. App.) 267 S. W. 1007.

■ The general demurrer and so-called special exceptions which were, in effect, but general demurrers, were not passed on by the trial court, and were therefore waived. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533. The assignments ·attacking the sufficiency of the pleadings are overruled.

■ The judgment does not allow recovery of double damages, as contended by appellant, as it provides that whatever amount may be collected from R. Q. Stubbs by the Citizens' National Bank shall be credited upon its judgment against D. C. Beebe. Labor Bank & Trust Co. v. Adams et al. (Tex. Civ. App.) · 23 S.W.(2d) 814.

The action of the court in quashing the writ of garnishment was immaterial. The bank did not seek a foreclosure of its mortgage, and the judgment of the court is not based upon the mortgage lien.

The judgment is affirmed.