**In re Luther W. ASHFORD and Lassie F. Ashford, Debtors.**

**Bankruptcy No. 286–20256.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

March 19, 1987.

James Laurence, Asst. U.S. Atty., Amarillo, Tex., for U.S.

James C. Herring, Miller & Herring, Amarillo, Tex., for debtors.

Gus A. Wulfman, Amarillo, Tex., Interm Chapter 7 trustee.

## MEMORANDUM OF OPINION

JOHN C. AKARD, Bankruptcy Judge.

On October 8, 1986, the Court heard argument on a Motion to Modify Stay brought by the Veterans Administration in the captioned cause. The attorneys for the parties submitted briefs on the matter.

## Facts

Luther W. Ashford and Lassie F. Ashford (the Debtors) filed for protection under Chapter 7 of the Bankruptcy Code on May 16, 1986. The Clerk's Office mailed the Order for Meeting of Creditors and Fixing the Time for Filing Objections to the Discharge and Complaints to Determine the Dischargeability of Certain Debts to W.P.S.-Champus (sic) as well as to the United States Attorney's Office in Fort Worth on June 2, 1986 notifying them that the last date to file a Complaint to Determine the Dischargeability of a Debt in this bankruptcy proceeding under 11 U.S.C. § 523 was August 25, 1986. No objections to the dischargeability were filed and the Debtors were discharged on August 27, 1986.

On September 4, 1986, the United States Attorney's office filed a Motion to Modify Stay on behalf of the Veterans Administration (VA).

## Discussion

The VA argues that the Debtors filed duplicate claims with Champva and Blue Cross/Blue Shield. This resulted in an overpayment of $11,423.44 to the Debtors. In order to repay the VA, Mr. Ashford signed a Promissory Note dated December 3, 1985 (a copy of which is attached to this Opinion) in which he agreed that the VA could withhold $700.00 per month from his compensation check beginning on February 1, 1986. The VA argues that the effect of the promise to repay VA/Champva signed by Mr. Ashford is an assignment transferring title to the $700.00 per month to Champva until the note is paid. The VA asserts that the $700.00 per month is not property of the estate.

The Debtors argue that the VA was tardy in filing a Motion to Modify Stay after the date set by the Court as the last day for filing objections to the dischargeability of the debt; that the Debtors received a discharge on August 27; and thus, the Ashfords' debt to the VA was discharged. The evidence showed that $4,200.00 was paid by the Ashfords to Champva and that Champva received a refund of $7,802.50 from the hospital for the overpayment made as a result of the payment by the other carrier. When it learned of the bankruptcy filing, Champva returned $1,400.00 to the Ashfords in postpetition payments which it had withheld.

## Assignment

The first question the Court must determine is whether the note executed by Mr. Ashford constituted an assignment of $700.00 per month from his VA benefits until the note was paid in full.

An assignment is a manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or to a third person. *Wolters Village Management Co. v. Merchants and Planters National Bank of Sherman,* 223 F.2d 793 (5th Cir.1955). Since intent is the essential element, not every transfer of interest is an assignment. *Thurber Construction Co. v. Kemplin,* 81 S.W.2d 103 (Tex.Civ. App.—Austin 1935, writ dism'd). Therefore, in order to create an equitable assignment, there must be sufficient evidence of an intent to assign. *Whaley Lumber Co. v. Citizens' National Bank,* 57 S.W.2d 637 (Tex.Civ.App.—Amarillo 1933, no writ). Generally, any order, writing, or act, if communicated to the holder of the fund, directing his debtor to transfer to a named person any portion or all of the particular funds in his possession, operates as an equitable assignment of the fund designated. *Chapman v. Tyler Bank & Trust Co.,* 396 S.W.2d 143 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). However, a mere promise to pay a debt out of a particular fund does not alone constitute an assignment of the fund. *White v. Cooper,* 415 S.W.2d 246 (Tex.Civ.App.—Amarillo 1967, no writ).

No particular words or kind of instrument are necessary to effect an equitable assignment. *Slaughter v. Bank of Texline,* 164 S.W. 27 (Tex.Civ.App.—Amarillo 1914, no writ). In addition to intent being a requisite for the validity of an assignment, consideration is also necessary. *Vahlsing, Inc. v. Hartford Fire In-*

*surance Co.*, 108 S.W.2d 947 (Tex.Civ.App. —San Antonio 1937, writ dism'd). Delivery is also essential to the validity of the instrument. *Colleps v. George W. Smith Lumber Co.*, 185 S.W. 1043 (Tex.Civ.App. —Beaumont 1916, writ dism'd w.o.j.). Finally, in order to constitute a valid assignment, an actual or constructive appropriation of the subject matter must occur so as to confer a complete and present right on the transferee, even if the circumstances do not admit of the immediate exercise of such a right. *Colleps, supra.* The transfer must be such as to leave the assignor with no control over the fund. *Id.*

■ An order by a creditor, directing his debtor to transfer to a named person a part of a particular fund in his possession, operates as an equitable assignment of the part designated. *McMillan v. Rutherford*, 14 S.W.2d 132 (Tex.Civ.App.—Amarillo 1929, no writ). An instrument containing no indication that the order is to be paid out of any particular fund does not operate as an assignment. *Central West Texas Cooperative Marketing Association v. Banner Dairies*, 252 S.W.2d 483 (Tex.Civ. App.—Eastland 1952, no writ). An order that contemplates a further act to complete a transfer will not effect an assignment. *Wolters, supra.*

■ The assignee takes the title to the thing assigned that existed in the assignor. *Texas Central Railroad v. Hannay-Frerichs & Co.*, 104 Tex. 603, 142 S.W. 1163 (1912).

■ The mere possession of a nonnegotiable instrument is, without a written assignment, insufficient proof of the assignment. *Warren v. Sigmond Rothschild Co.*, 240 S.W. 1031 (Tex.Civ.App.—Beaumont 1922, no writ). In a case such as this where all evidence is documentary, questions concerning construction and effect of an assignment are for the Court, since the construction of an ambiguous instrument is a question of law. *Wood v. Gulf Colorado & Santa Fe Railway*, 40 S.W. 24 (Tex.Civ. App.1897, no writ).

■ The Court concludes that the language of the note was sufficient to constitute an assignment of $700.00 per month from Mr. Ashford's VA benefits until the obligations described in the note were fully paid; that he intended to make an assignment to the VA; that there was adequate consideration for the assignment; and that the assignment was fully effective upon delivery of the note to the VA. In effect, title to that stream of income passed from Mr. Ashford to the VA.

### *Dischargeability*

■ The VA did not file a complaint to determine dischargeability of the debt within the time prescribed by Bankruptcy Rule 4007. Possibly the VA felt it had no grounds to object to the dischargeability of the debt, or that there was no need to file an objection to the dischargeability of the debt because the debt would be paid out of the stream of income assigned to it. Regardless, the VA is entitled to that stream of income until the indebtedness is paid. Should there be any interruption or cessation in that stream of income, however, the VA would have no further claim against Mr. Ashford personally nor against his assets because the indebtedness is discharged.[1] In this case, the VA occupies the same position as the holder of a valid lien on the Debtor's exempt real property.

Order accordingly.[2]

---

1. To the extent that the $700.00 per month was not withheld postpetition, or was refunded to Mr. Ashford postpetition, the VA would have a claim against Mr. Ashford individually and his other assets. It appears that, in view of Mr. Ashford's assertions that this debt was discharged, the VA, understandably, ceased withholding postpetition and refunded all amounts which it had withheld postpetition pending this Court's ruling on the matter. The VA should not be penalized for its deference to this Court and to the Bankruptcy Code.

2. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.

41

PROMISSORY NOTE

I, Luther W. Ashford, hereby acknowledge my indebtedness to the VA/Champva for Mrs. Lassie Ashford's medical treatment of $11,423.44 plus applicable interest.

I promise to repay the VA/Champva by allowing the Veterans Administration to withhold $700.00 per month from my compensation beginning February 1, 1986.

I further understand and agree that this promissory note is executed in exchange for an agreement by the Veterans Administration of forbearance from instituting legal proceedings to collect this debt, and that if I fail to follow the terms of this agreement, the Veterans Admin./Champva will bring suit to collect the full amount of my remaining indebtedness plus interest accrued. If it should become necessary to bring suit on this note, I hereby agree to pay the remaining indebtedness plus court costs, attorney fees and interest.

I further understand that my compensation benefits will be withheld until the full amount of this indebtedness is paid.

| 12-3-85 | /s/ Luther W. Ashford |
| DATE | LUTHER W. ASHFORD |

APPROVED:

C 04 395 198
VA File Number

/s/ Mary Osborne
MARY OSBORNE, Asst. Finance Officer

4011 Crockett
Street Address

Amarillo, TX 79110
City, State, and Zip Code